Taylor *v.* Seckinger et ux., Appellants.

Argued September 16, 1959.  Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Horace Michener Schell,* for appellants.

*Herman Moskowitz,* with him *Paul M. Goldstein,* for appellee.

OPINION BY WOODSIDE, J., November 11, 1959:

The plaintiff filed a bill in equity in which she alleged the following: At all times relevant hereto, she and her husband held title to premises in Philadelphia on which the defendants hold a mortgage. She and her husband purchased a fire insurance policy containing a standard mortgagee clause in favor of the defendants and insuring the premises against loss by fire. In April, 1957, the premises were damaged by fire, and the insurance company paid the defendants as mortgagees $2375 for the damage to the premises. The

mortgage in the principal sum of $3950, payable within ten years from April 1951, in 120 equal installments, has never been in default. Although not specifically alleged, it would appear that at the time of filing this action the balance on the mortgage was less than the amount paid the mortgagees by the insurance company. The plaintiff requested the defendants to either repair the damage caused by the fire, or consent to the plaintiff making the repairs to be paid from the sum realized from the insurance company. The defendants refused, and the repairs have not been made.

In her bill the plaintiff prays that the sum received by the mortgagees from the insurance company be declared a trust fund for the repair of the fire damage caused to their premises, and that the mortgagees be directed to make payments therefrom at such time, and in such amounts, as the plaintiff would request for the repairs of the fire damage. The plaintiff further prays for general relief.

The defendants filed the five following preliminary objections: (1) The complaint did not state a cause of action; (2) the complaint did not join plaintiff's husband, a necessary party; (3) the payment by the insurance company to the mortgagees was made under a contract between the company and mortgagees in which the plaintiff had no interest; (4) there is no legal or equitable obligation of the defendants to apply the funds to the repairs of the premises; and (5) there was an adequate remedy at law.

The court below dismissed objections 1, 2, 3, and 5, and sustained 4, and added to its order ". . . the Court specifically rules that under the complaint, defendants hold the fund here involved in trust only as security for the mortgage debt and Plaintiff is granted leave to amend the Complaint within 30 days." The defendants appealed.

An order overruling preliminary objections is interlocutory and not appealable. *Grosso v. Englert*, 381 Pa. 351, 113 A. 2d 250 (1955); 1 Goodrich-Amram Civil Practice §1028(d) 1. The order of the court below, therefore, is interlocutory to the extent that it dismissed the objections. The order sustaining the fourth objection was in favor of the appellant and against the appellee. It is that part of the order directing the defendants to hold the fund here involved in trust as security for the mortgage debt to which the appellants object. As we understand this order, it was not a preliminary order made to protect the fund from dissipation until final disposition of the case, but a definitive order which is appealable. *Rabben v. Steinberg*, 187 Pa. Superior Ct. 28, 31, 142 A. 2d 400 (1958).

Pa. R. C. P. No. 1028(d) provides: "If the preliminary objections are overruled, the objecting party shall have the right to plead over within such time as the court shall fix." Here the defendants have an order against them entered before they could plead over. As far as the record shows, the defendants could file an answer which would deny their having received the fund which the court ordered them to hold in trust. Their answer might allege, as counsel for the defendants upon inquiry of our Court at argument indicated as likely, that one of the owners deliberately set the fire which damaged their premises. We speculate on these possible answers only to demonstrate that the order of the court below has been made without its having the necessary facts before it to impose a trust upon the funds. The rights of various persons in this matter *may* depend upon facts not before either this Court or the court below. We cannot properly speculate upon the facts and then attempt to apply rules of law to the assumed facts.

We are, therefore, striking that part of the court's order imposing the trust upon the fund in question.

We are not passing upon whether or not the order might ultimately be a proper one. Neither are we passing upon whether or not the action of the court below on any of the five preliminary objections is error.

Furthermore, our order here is not meant to deny the court below the right to enter any legal preliminary order which it might consider necessary to prevent the fund from being dissipated prior to the court's final order, or to otherwise, by legal order, prevent irreparable harm to any person while the case is pending. Any such order should show on its face that it is not a final order.

The part of the order stating that "the defendants hold the fund here involved in trust only as security for the mortgage-debt" is stricken. The balance of the order, being interlocutory, is not passed upon by us, and the case is remanded with a procedendo.