Flannery v. Giebus, Administrator (No. 2)

*Charles J. Buffalino, Jr.,* for plaintiff.

*J. T. Griffith, John J. Aponick, Jr.,* and *Jarrett W. Jennings,* for defendants.

SCHIFFMAN, J., December 22, 1965.—Plaintiff has filed an action in trespass against the administrator of the estate of Dr. Samuel P. Mengel, deceased. The matter before the court is upon plaintiff's preliminary objections to defendant's answer containing new matter. Plaintiff's objections are in the form of a motion to strike and a demurrer.

The gravamen of plaintiff's complaint is the charge that decedent physician negligently performed an appendectomy upon her on October 11, 1943. She alleges she, therefore, sustained certain injuries and incurred resultant medical expenses. The negligence averred is the failure to exercise reasonable care and prudence in permitting a surgical sponge to remain in the body

of plaintiff. The sponge was originally inserted at the time of the aforementioned surgery.

The complaint further avers that defendant physician died on November 11, 1947, and that the presence of the sponge was not discovered until subsequent surgery was performed upon plaintiff on November 22, 1963. Within two years from that date, the instant action was instituted.

Defendant originally filed preliminary objections in the nature of a demurrer to plaintiff's complaint. It was therein contended that the Fiduciaries Act of April 18, 1949, P. L. 512, art. VI, sec. 601,* 20 PS §320.601, precluded this cause of action, since it did not survive the death of decedent, not having occurred during his lifetime.

The decision and order of this court, filed January 19, 1965, dismissed defendant's preliminary objections in the nature of a demurrer. The order required defendant to file an answer within 20 days from the date thereof. See 38 D. & C. 2d 540.

Defendant filed an answer containing new matter on August 16, 1965. The answer, after denying the essential elements of the complaint, contained two averments under the heading of new matter, as follows:

"21. Plaintiff's cause of action arose more than (2) years prior to the institution of the within suit, and therefore is barred by the Statute of Limitations, Act of June 24, 1895, P.L. 236, Sec. 2; 12 P.S. Sec. 34.

"22. Plaintiff's cause of action did not arise until after the death of Dr. Samuel P. Mengel, Deceased, and consequently could not survive the death of the said Dr. Samuel P. Mengel, Deceased, by virtue of the

---

* "All causes of action or proceedings, real or personal, except actions for slander or libel, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants": Act of April 18, 1949, P. L. 512, art. VI, sec. 601, 20 PS §320.601.

Act of April 18, 1949, P.L. 512, Article VI, Sec. 601; 20 P.S. Sec. 320.601".

The reasons assigned in plaintiff's motion to strike are: (a) The answer was not filed within 20 days, in accordance with the order of court; (b) all of the matters raised as affirmative defenses have been eliminated by virtue of the previous aforementioned decision and order of this court; (c) all of the averments under new matter are mere conclusions of law and violative of Pennsylvania Rule of Civil Procedure 1019.

The reason assigned by plaintiff in support of the demurrer is that all matters raised as affirmative defenses have been eliminated by virtue of the previous aforementioned decision and order of this court.

No reason is advanced for failure to file the answer within the allotted time. No request was made to this court; nor was permission obtained from opposing counsel to extend the ordered time for the filing of this pleading of defendant.

The late filing of an answer nunc pro tunc is in the discretion of the court: Roman v. Alizauskas, 54 Luz. 169. Although we do not condone such late filing, each situation requires scrutiny of all the circumstances. No convincing reason has evidenced resultant substantial prejudice. Under such circumstances, we have previously refused to strike off an answer filed late: Waschko v. Waschko, 45 Luz. 191. Justice will be best served by also refusing to do so in this case.

In regard to the objection that the new matter averments are mere conclusions of law, it is to be noted that proper pleading requires that new matter be a statement of facts, and not mere conclusions. The facts should be averred with reasonable precision. See The Lenox Hill Hospital v. Davis, 52 Luz. 41; Pa. R. C. P. 1019(a); 4 Standard Pa. Prac. §112.

Our review of the new matter allegations indicates they are not bare and bold assertions. They aver why

plaintiff's cause of action is barred by the statute of limitations and why the Survival Act has been invoked. When read in the light of averred facts, we may only determine that plaintiff is properly informed of the nature of the allegations attacked as conclusions. We also determine that the new matter averments are pleaded in a manner that does not constitute mere conclusions of law.

We finally consider the remaining objection of plaintiff assigned in the motion to strike and demurrer. In essence, this objection to the new matter is that the averments therein were previously raised in defendant's preliminary objections to plaintiff's complaint.

Despite any necessary and interwoven reference to the statute of limitations in our previous decision, such defense was not raised in defendant's preliminary objections in the nature of a demurrer. The prior decision and court order may not be interpreted, therefore, as having eliminated such defense.

The statute of limitations is an affirmative defense, which normally must be raised pursuant to Pa. R. C. P. 1031 in an answer under new matter: Rufo v. The Bastian-Blessing Company, 417 Pa. 107; Quaker City Chocolate and Confectionery Company v. Delhi-Warnock Building Association, 357 Pa. 307. A reading of the Rules of Civil Procedure and the former decision of this court rejecting the demurrer warrants our conclusion that defendant is not precluded from raising the defense of the statute of limitations under the heading of new matter.

We next consider the effect of our previous ruling, which dismissed defendant's preliminary objection in the nature of a demurrer insofar as it referred to the Survival Act. Defendant therein contended this cause of action could not survive the death of Dr. Mengel under the Survival Act, since it had not accrued until after the physician's death.

The question involved was properly raised and determined upon preliminary objections in the nature of a demurrer, which is the proper procedural device to test the legal sufficiency of a pleading: Pa. R. C. P. 1017(b).

The extent of that determination is subject to the Rules of Civil Procedure as interpreted by our courts. Pennsylvania Rule of Civil Procedure 1028(d) provides that "If the preliminary objections are overruled, the objecting party shall have the right to plead over within such time as the court may fix". The right to plead over when objections are overruled is absolute. The court cannot speculate on the ability of defendant to plead a valid defense: Taylor v. Seckinger, 191 Pa. Superior Ct. 70.

Our prior decision must be viewed within the light that all a demurrer does is to admit the facts for the *sole* purpose of testing the legal sufficiency of the challenged pleading. A demurrer is not an absolute admission of any fact, but simply admits those facts which are well pleaded for the sole purpose of having their legal sufficiency determined: Jefferies v. Hoffman, 417 Pa. 1.

We, therefore, determine that defendant is not foreclosed from raising the defense that the cause of action could not survive the death of Dr. Mengel because it did not arise until after his death. Our consideration must be directed toward the appropriate manner of raising such defense.

Pennsylvania Rule of Civil Procedure 1030 requires that all affirmative defenses shall be pleaded as new matter. The instant Survival Act question is not included in the specific lists of affirmative defenses therein designated. However, rule 1030 indicates that affirmative defenses are not to be limited to those expressly listed therein. We must, therefore, independently resolve whether or not the Survival Act

aspect of this case constitutes an affirmative defense to be pleaded under new matter.

The pleadings which may be set forth as new matter are in the nature of the common-law plea of confession and avoidance: Saxe v. Feinstein, 366 Pa. 473. The characteristics of new matter and of the specific defenses listed in Pa. R. C. P. 1030 are that they are all *extrinsic* to the cause of action pleaded by plaintiff. Averments of a defendant which are *intrinsic* to the cause of action pleaded by plaintiff do not constitute new matter: Newspaper Guild of Greater Philadelphia v. Philadelphia Daily News, Inc., 401 Pa. 337.

Our study of the claim averred by plaintiff must be within the perspective that in the "colloquial" sense, the term negligence is synonymous with carelessness or failure to use due care under the circumstances. In the "legal" sense, however, the term negligence is not synonymous with carelessness in the abstract. To constitute "actionable" negligence, there must be a duty to protect plaintiff from injury, a failure to discharge such duty and an injury resulting from such failure.

Mere negligence establishes no right of action. To constitute a tort, there must be an injury: Emert v. Larami Corporation, 414 Pa. 396.

It is within these guide lines that we must regard defendant's averment that plaintiff's cause of action did not arise until after the death of Dr. Mengel, and consequently could not survive him. Such defense is, in essence, a denial that a cause of action against decedent physician ever arose or came into being.

The defense raised as to the survival aspect by defendant under new matter is not an affirmative defense. It constitutes a denial of the cause of action averred by plaintiff.

We, therefore, within our discretion, in an effort to clearly and expeditiously formulate the issue projected, will allow defendant to plead allegations contained in

paragraph 22 of the answer, by way of defense, but not under the heading of new matter. The relative positions contended by the parties will be presented and resolved at trial.

We, therefore, enter the following:

ORDER

Now, December 22, 1965, plaintiff Esther Flannery's preliminary objections in the nature of a motion to strike and a demurrer are overruled, except insofar as they relate to defendant's pleading of the Survival Act as an affirmative defense in paragraph 22 of his answer under the heading of new matter.

Plaintiff is directed to file a reply to defendant's pleading of the statute of limitations' bar, as set forth in paragraph 21 of his answer under the heading of new matter. Such reply shall be filed within 20 days from the date of this order.

Plaintiff's motion to strike paragraph 22 of defendant's answer under the heading of new matter is granted, and leave is granted defendant to amend his answer to appropriately incorporate the content of paragraph 22 in a manner consonant with the decision herein. Such amended answer shall be filed within 20 days from the date of this order.