LYON, J.,
— The motion for judgment on the pleadings filed by defendant, Redevelopment Authority of the City of New Castle, is now before the court for determination.
The rule regarding judgment on the pleadings is well settled. A motion for judgment on the pleadings, like preliminary objections, is the equivalent of the old statutory demurrer and admits all facts which are well pleaded, but not the pleader’s conclusions or averments of law: Smith v. Brown-Borhek Company, 414 Pa. 325, 200 A.2d 398 (1964); Poole v. Great American Insurance Company, 407 Pa. 652, 182 A.2d 509 (1962); Ross v. Metropolitan Life Ins. Co., 403 Pa. 135, 169 A.2d 74 (1961); Necho Coal Company v. Denise Coal Company, 387 Pa. 567, 128 A.2d 771 (1957); Gardner v. Allegheny County, 382 Pa. 88, 114 A.2d 491 (1955). It is in the nature of a final demurrer before trial: Goldman et al. v. McShain, 432 Pa. 61, 247 A.2d 455 (1968); Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312, 124 A.2d 412 (1956). It can be decided only on the pleadings them *124 selves: Goldman et al. v. McShain, supra. Admissions because of a failure to deny the allegations in the “New Matter” of the answer will support a motion for judgment on the pleadings: Goldman et al. v. McShain, supra; Chelsa v. B. L. D. Distributing Co., 110 Pitts. L.J. 379 (1962), and Doell v. Prudential Insurance Company of America, 28 D. & C. 2d 637 (1962). Such a motion should be granted and judgment should be entered only in a case which is clear and free from doubt: Goldman et al. v. McShain, supra; Universal Film Exchanges, Inc. v. Board of Finance and Revenue, 409 Pa. 180, 185 A.2d 542 (1962); Schrader v. Heath, 408 Pa. 79, 182 A.2d 696 (1962).
The court must consider all the pleadings when ruling upon the motion made by defendant: Herman v. Stern, 419 Pa. 272, 213 A.2d 594 (1965). In the instant case, the pleadings consist merely of the complaint and the answer thereto. The complaint in trespass seeks damages for injury to plaintiff by reason of a fall upon the sidewalk of the premises allegedly owned by the authority and occupied by defendant, Emanuel J. Karatinos. The complaint is bottomed upon theory that both defendants negligently failed to perform their duty of removing the accumulations of snow and ice which were the proximate cause of plaintiffs fall and consequential injuries. Karatinos filed merely an appearance in response to the complaint, but the authority filed an answer alleging under the heading of “New Matter” that at the time of plaintiffs injury, December 24, 1970, Karatinos had exclusive possession and control of the premises and the authority was in the position of a landlord out of possession. Plaintiff did not file a reply to these allegations of the authority.
*125 The authority contends it is entitled to a judgment on the pleadings because as a matter of substantive law a landlord out of possession is not hable to third parties for bodily harm sustained on his property: Weingreen v. Gomberg, 416 Pa. 567, 207 A.2d 781 (1965); Higgins v. Polito, 348 Pa. 152, 34 A.2d 482 (1943); Knickerbocker v. Scranton, 344 Pa. 317, 25 A.2d 152 (1942); Craig v. Ryan, 201 Pa. Superior Ct. 307, 191 A.2d 711 (1963), and asserts that plaintiff admitted the authority’s several averments in the “New Matter” of the answer because he failed to ñle a reply as required by Pennsylvania Rule of Civil Procedure 1045(b). We agree.
The 1962 amendments to rule 1045(b) provide:
“A plaintiff who fails to file a reply to averments of the defendant’s new matter shall be deemed to admit all such averments other than averments relating to contributory negligence or assumption of risk.”
Hence, the well-pleaded averments in the “New Matter” of the answer must be accepted as true. Because the several averments of the answer which must be accepted as admissions clearly show the authority was a landlord out of possession at all times material to the cause of action, the authority could not be found liable if at the trial of the case the admitted averments were received in evidence as judicial admissions.
Plaintiff cites the cases of Wood v. Parks, 33 D. & C. 2d 225 (1963), and Clark v. Crist, 29 D. & C. 2d 293 (1963), as authority for the proposition that in a trespass action a reply is not required to the averments in the “New Matter” of the answer and that, therefore the averments are not admitted in the instant case. However, the opinions of the cited cases *126 are bottomed upon the procedure in effect before the 1962 amendment to rule 1045(b) and relate to actions instituted before the amendment became effective. That the 1962 amendment was inapplicable to the cases cited by plaintiff and is applicable in the instant case is settled by the authority of Kilian v. Allegheny County Distributors, 409 Pa. 344, 185 A.2d 517 (1962), where it is stated, beginning on page 350:
“While substantive rights are settled as of the time the cause arises, rights in procedural matters . . . are determined by the law in force at the time of the institution of the action.”
The authority next contends that plaintiff should not be given an opportunity to file a reply to the averments in the “New Matter” of the answer. It insists that the rule which liberally permits amendments of defective pleadings should not be construed so as to allow the late filing of a reply in the instant case, because, according to the authority, this would allow a wholly new pleading and not merely the amendment of one previously filed. The authority has merely pointed out a distinction but has failed to suggest any reason justifying a different treatment. The law prefers adjudication of controversies upon merits rather than on mere technicality. The procedural rules are designed to narrow the factual issues so that the parties may know in advance of trial what is being contended and what is not. The purpose and intendment of the procedural rules would be overturned and defeated in the instant case if plaintiff were refused the right to file a late reply.
The intendment of the procedural rules is evidenced by Pa. R.C.P. 1028(d)(e), which applies to preliminary objections in the nature of a demurrer. Since the courts have held that a motion for judgment on *127 the pleadings is in the nature of a final demurrer before trial (Goldman v. McShain, supra), the spirit of the rule should apply with equal force to motions for judgment on the pleadings. Subsections (d) and (e) of the rule plainly provide that where a preliminary objection is overruled, the objecting party shall have the right to file a new pleading.
Furthermore, subsection (b) of Pa. R.C.P. 1034 which governs motions for judgment on the pleadings provides as follows:
“The court shall enter such judgment or order as shall be proper on the pleadings.”
Our appellate courts have consistently held in circumstances similar to those of the instant case that an amended or new pleading should be allowed unless there is no apparent possibility that the defect can be cured: Cucinotti v. Ortmann, 399 Pa. 26, 159 A.2d 216 (1960); Taylor v. Seckinger et ux., 191 Pa. Superior Ct. 70, 155 A.2d 419 (1959); Romeo v. LaRosa, 78 Mont. Co. Rep. 30 (1960). The application of this test to the pleadings of the instant case requires an opportunity be afforded plaintiff to file a reply to the averments in the “New Matter” of the answer for there plainly exists a real possibility of pleading a good defense. If plaintiff fails to file a reply within the time limitation indicated in our order, the authority may renew its motion for judgment on the pleadings. Cf. Bureau for Child Care v. The United Fund of the Philadelphia Area, 416 Pa. 617, 207 A.2d 847 (1965).
ORDER OF COURT
Now, May 20, 1971, for the reasons stated in the foregoing opinion, it is ordered that plaintiff may file a reply to the averments in the “New Matter” of the answer within 20 days from the date hereof.