428 A.2d 181

**INTERNATIONAL LANDS, INC., Appellant,**

**v.**

**Bernard FINEMAN.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1981.
Filed April 3, 1981.

Howard Wallner, Philadelphia, for appellant.

Abraham A. Leizerowski, Philadelphia, for appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

This is an appeal from an order which opened but refused to strike a judgment entered by default. Appellant contends that it was error to open the judgment. Appellee suggests that the default judgment was improperly entered and should have been stricken. We agree that the judgment was improperly entered and will enter an appropriate order.

On March 29, 1979, the appellant, International Lands, Inc., commenced an action in assumpsit against the appellee, Bernard Fineman. On April 20, 1979, after service of the complaint had been made, appellee filed preliminary objections. These preliminary objections were not pursued in the manner required by Philadelphia Civil Rule 140(E),[1] and on June 4, 1979, they were dismissed for lack of prosecution. The order dismissing appellee's preliminary objections was entered on the docket on June 7, 1979, and on the very same day appellant caused a default judgment to be entered against appellee. On June 12, 1979, appellee moved to strike or open the judgment. Depositions were taken, and by order dated October 4, 1979, appellee's motion was granted. An amended order was filed on October 11, 1979 to remove ambiguity in the earlier order and specify that the relief being granted was to open the judgment, not strike it. International Lands, Inc. took the instant appeal.

This brief recitation of facts demonstrates unequivocally the impropriety of the default judgment which was entered against appellee. Pa.R.C.P. No. 1028(d) provides that where preliminary objections are overruled, "the objecting party shall have the right to plead over within twenty (20) days after notice of the order or within such other time as the court shall fix." The rule is no different where preliminary objections are dismissed for failure to prosecute them. Where preliminary objections are overruled or dismissed, for whatever reason, the objecting party has a period of twenty days, or such other period as the court may direct, within which to file a responsive pleading. This right to plead over when preliminary objections are dismissed is absolute. *Taylor v. Seckinger*, 191 Pa.Super. 70, 73, 155 A.2d 419, 421 (1959); *Northvue Water Co., Inc. v. Municipal Water & Sewer Authority of Center Township*, 7 Pa. Cmwlth. 141, 146, 298 A.2d 677, 680 (1972); Goodrich-Amram 2d, § 1028(d):1. During that period a default judgment

---

1. Philadelphia Rule 140(E) requires that a party filing preliminary objections place the same before the Motion Court by filing a praecipe, memorandum of law and proposed order within twenty days after the preliminary objections have been filed.

cannot validly be entered against the objecting party. *Yanko v. Donaldson (No. 2)*, 31 North.Co.Rep. 173 (1948).

In the instant case, the time within which to file an answer was not fixed by the court which dismissed appellee's preliminary objections. The applicable time, therefore, was twenty days. A default judgment entered within that period was fatally defective.

Where, as here, a fatal defect in a default judgment appears on the face of the record, the judgment is properly stricken. *Link v. House of Fulmer, Inc.*, 262 Pa.Super. 275, 396 A.2d 752 (1978). Because appellant's judgment is patently defective and must be stricken, we find it unnecessary to review the reasons given by the trial court for opening the judgment.

The default judgment is stricken, and the case is remanded for the entry of an order granting appellee an appropriate period within which to file a responsive pleading to appellant's complaint.