446 A.2d 956

**Grace GEE, Appellant,**

v.

**Edward CAFFARELLA, Jr. and Martin Reiter and Alex Glassman and Ambulance Corporation of America.**

Superior Court of Pennsylvania.

Argued March 9, 1982.

Filed June 11, 1982.

James L. Womer, Philadelphia, for appellant.

Robert Perna Corbin, Philadelphia, for appellees.

Before WICKERSHAM, CIRILLO and LIPEZ, JJ.

CIRILLO, Judge:

This is an appeal from an order which opened but refused to strike a judgment entered by default.[1]  Appellant contends that it was error to open the judgment.[2]  Appellee argues that the default judgment was improperly entered and should have been stricken.[3]  We agree that the default judgment was improperly entered, and we will enter an order striking the judgment.

Appellant/plaintiff/Grace Gee commenced an action in trespass to recover damages for injuries sustained in an automobile accident which occurred on February 5, 1979. According to appellant's complaint, filed February 2, 1981, appellant was a passenger, at the time of the accident, of an ambulance owned and operated by appellee/defendant/Ambulance Corp. of America.[4]  Appellee was not served with a copy of the complaint until April 15, 1981.  On May 22, 1981,

1.  Jurisdiction is conferred on this court by Pa.R.A.P. § 311(a)(1).

2.  Appellee's petition was to open, set aside or strike the default judgment.

3.  Appellee argued in its petition below and in its brief to this court that the improper entry of the default judgment was reason enough to open, set aside or strike the judgment.

4.  The additional defendants are not involved in this appeal.

at 1:17 p. m., an entry of appearance was filed on behalf of appellee. That same day, at 1:54 p. m.,[5] appellant filed a praecipe for the entry of a default judgment against appellee, for appellee's failure to file an answer or entry of appearance. Default judgment was then entered by the Prothonotary.

■■■ Under Pennsylvania procedure, a defendant in a trespass action can avoid a default judgment merely by filing an entry of appearance. *Willinger v. Mercy Catholic Medical Center of Southeastern Pennsylvania, Fitzgerald Mercy Div.*, 241 Pa.Super. 456, 362 A.2d 280 (1976), *affirmed*, 482 Pa. 441, 393 A.2d 1188 (1978). In the instant case, the record clearly demonstrates that the entry of appearance was filed with the prothonotary prior to the default judgment. Therefore, the default judgment was improperly entered.

■■ Where a fatal defect in a default judgment appears on the face of the record, judgment is properly stricken. *International Lands, Inc. v. Fineman*, 285 Pa.Super. 548, 428 A.2d 181 (1981). Because appellant's judgment is patently defective and must be stricken, we find it unnecessary to review the reasons given by the trial court for opening the judgment.

Default judgment is hereby stricken and the case remanded for further proceedings consistent with this opinion.

LIPEZ, J., files a concurring and dissenting opinion.

LIPEZ, Judge, concurring and dissenting:

I would affirm the lower court's order opening the judgment. While I agree that the judgment could have been stricken by the lower court for the reason given by the majority, the record on appeal does not justify it. Appellee neither filed a cross appeal, nor urged striking in its brief, contenting itself with arguing in support of the lower

---

5. Both the entry of appearance and the praecipe to enter default judgment were time-stamped by the prothonotary on their face with the date and time of filing.

court's action. Therefore the alternative motion it made in the court below to strike may be considered abandoned on appeal. See 9 Standard Pennsylvania Practice P. 339.