535 A.2d 225

Delaware County Solid Waste Authority, Appellant *v.* Township of Earl, Berks County, Pennsylvania, Appellee.

Argued September 14, 1987, before Judges CRAIG, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Hershel J. Richman,* with him, *Thomas J. Stukane, David J. Brooman, Cohen, Shapiro, Polisher, Shiekman and Cohen,* Of Counsel: *Michael F. X. Gillin,* for appellant.

*Richard L. Orwig, O'Pake, Malsnee & Orwig,* for appellee.

OPINION BY JUDGE CRAIG, December 18, 1987:

The Delaware County Solid Waste Authority appeals a decision of the Court of Common Pleas of Berks County granting the petition of Earl Township for declaratory relief and enjoining the authority in regard to its application before the Department of Environmental Resources (DER) to expand an existing landfill.

The authority raises two issues on appeal. First, procedurally, did the trial court exceed its powers by granting final injunctive relief to the township when the only issue before the court was a preliminary objection in the nature of a demurrer?

Second, substantively, does section 702 of the Second Class Township Code[1] (§702) prohibit Earl Township from applying its zoning ordinance to the landfill expansion proposed by the authority? In answering this second question we must consider what effect, if any, to

---

[1] Act of May 1, 1933, P.L. 103, *as amended, added by* Section 1 of the Act of August 27, 1963, P.L. 1280, 53 P.S. §65762.

give in this case to the legislature's recent amendment of §702 by Act 60 of 1987,[2] which—after institution of this action—deleted that portion of the language of §702 that had been held to bar second class townships from enforcing their zoning ordinances against the activities of municipal authorities.

As the appellant authority points out, the trial court has not yet found any facts in this case. The facts alleged by Earl Township in its "Petition for Declaratory Judgment and Special Equitable Relief" (and deemed to be true only for the purpose of the preliminary objection in the nature of a demurrer) are as follows.

Earl Township is a second class township located in Berks County, formed pursuant to and existing under the Second Class Township Code.[3] The authority is a municipal authority formed by municipalities located in Delaware County pursuant to the Municipal Authorities Act of 1945.[4]

In 1985 the authority purchased an existing landfill located in Earl Township known as the Colebrookdale Landfill from a private corporation. Of the approximately 320 acres purchased at that time, DER had approved roughly 59 acres for landfill.

When the authority purchased the landfill, the Earl Township zoning ordinance, as amended, provided that landfill operations be restricted to the township's industrial zoning district. The Colebrookdale Landfill is located in the Woodland-Agricultural-Conservation (WAC) district of the township, in which sanitary landfill operations are unconditionally prohibited, but at the time of purchase the landfill had pre-existing nonconforming

---

[2] Act of July 13, 1987, No. 1987-60, 1987 Pa. Legis. Serv. 102 (to be compiled at 53 P.S. §65762).

[3] Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§65101-67605.

[4] Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §§301-22.

use status. The authority later acquired properties consisting of pre-existing residential homes, also within the WAC zone, that formed a perimeter around the original landfill.

In 1986 the authority filed an application with DER to expand the area covered by the DER permit for landfill operations. That application, currently under review by DER, includes land outside the area originally purchased, that is, land within the perimeter property acquired by the authority later. The perimeter land, of course, was not subject to any pre-existing nonconforming use as a landfill. ·

Earl Township filed this action on October 16, 1986, in the court of common pleas seeking (1) a declaration that the township's zoning ordinance prohibits the authority from including any of the perimeter property in its application before DER, (2) an order temporarily restraining the authority from further processing its DER application pending a decision on the declaratory judgment action, and (3) such other relief as the court might deem equitable under the circumstances.

The authority filed preliminary objections in the nature of demurrers pursuant to Pa. R.C.P. No. 1017(b) (4), contending that §702 statutorily prohibits Earl Township from enforcing its zoning ordinance against the authority and that the township had failed to state a justiciable controversy because DER had not yet ruled on the expansion application (a ripeness challenge).[5] The trial court dismissed the preliminary objections on April 15, 1987, then, on April 16, 1987, issued an order granting the township's petition for declaratory judgment and special equitable relief and enjoining the authority from "utilizing" any of the perimeter property in its application before DER.

---

[5] The authority has abandoned this second preliminary objection.

*Procedural Question*

Pa. R.C.P. No. 1028(d) provides:

> If the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty (20) days after notice of the order or within such other time as the court shall fix.

As the authority points out, the cases that have construed this rule have held uniformly that a defendant's right to file an answer is absolute. *International Lands, Inc. v. Fineman,* 285 Pa. Superior Ct. 548, 428 A.2d 181 (1981); *Arel Realty Corp. v. Myers Brothers Parking Corp.,* 237 Pa. Superior Ct. 87, 346 A.2d 796 (1975); *Northvue Water Co., Inc. v. Municipal Water & Sewer Authority of Center Township,* 7 Pa. Commonwealth Ct. 141, 298 A.2d 677 (1972).

The Superior Court, in ruling on a case where the trial court caused a default judgment to be entered on the same day that he overruled preliminary objections, stated as follows:

> Where preliminary objections are overruled or dismissed, for whatever reason, the objecting party has a period of twenty days, or such other period as the court may direct, within which to file a responsive pleading. This right to plead over when preliminary objections are dismissed is absolute. Taylor v. Seckinger, 191 Pa. Super. 70, 73, 155 A.2d 419, 421 (1959); Northvue Water Co., Inc. v. Municipal Water & Sewer Authority of Center Township, 7 Pa. Cmwlth. 141, 146, 298 A.2d 677, 680 (1972); Goodrich-Amram 2d, §1028(d):1.

*International Lands, Inc. v. Fineman,* 285 Pa. Superior Ct. at 550, 428 A.2d at 182.

The trial court's granting of final relief to the township in the form of an injunction while denying the au-

thority its right to answer and without finding any facts on which to base its order clearly was an action in excess of the trial court's powers.

If we should conclude, on an analysis of the substantive issue presented by this case, that §702 of the Second Class Township Code does prohibit Earl Township from applying its zoning ordinance to the activities of the authority, then we could remand to the trial court with instructions to sustain the authority's preliminary objection and dismiss the case. Otherwise, we must remand with instructions to permit the authority to file an answer.

### Substantive Issue

Before its amendment by Act 60 on July 13, 1987, §702 provided in pertinent part as follows regarding the general powers of supervisors of second class townships:

LXII. General Powers.—To make and adopt all such ordinances, by-laws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth as may be deemed expedient or necessary for the proper management, care and control of the township and its finances and the maintenance of peace, good government and welfare of the township and its trade, commerce and manufactures. *No ordinance, by-law, rule or regulation shall be adopted which in any manner restricts, interferes with, hinders or affects the operation of any other political subdivision or instrumentality of the Commonwealth of Pennsylvania.* (Emphasis added.)

Act 60 amended §702 by deleting the sentence emphasized in the quotation immediately above.

There is no question that the former version of §702 did prohibit Earl Township from enforcing its zoning

ordinance against the authority. The Pennsylvania Supreme Court established the analytical framework within which disputes concerning the applicability of local zoning restrictions to the activities of other government entities are to be determined in *City of Pittsburgh v. Commonwealth*, 468 Pa. 174, 360 A.2d 607 (1976). That case involved the attempt of the Bureau of Corrections of the Department of Justice to establish a pre-release center for women convicts within the city without regard to the city's zoning ordinances and procedures. Justice ROBERTS, writing for the court, noted that municipalities are agents of the state as fully as are administrative agencies, and that municipalities derive their power to enact zoning ordinances from specific grants by the legislature. "Resolving the conflict simply by saying that the 'state' agency must prevail because it is exercising the power of the sovereign overlooks that the zoning power the city seeks to exercise is also a sovereign power." *City of Pittsburgh*, 468 Pa. at 180, 360 A.2d at 610.

The court therefore determined that "[w]hen there is an apparent conflict in the use of such powers we must look to the intent of the Legislature to determine which exercise of authority is to prevail." *Id.* at 182, 360 A.2d at 612. The court held that in the absence of a clear expression of legislative intent that one governmental activity (siting of pre-release centers, e.g.) should transcend the other (zoning), a court should carry out a balancing anaylsis examining the legislative grants along with their purposes and the facts of the individual case. *Id.*

The court re-examined this class of issues in *Department of General Services v. Ogontz Area Neighbors Association*, 505 Pa. 614, 483 A.2d 448 (1984). There the court reaffirmed that legislative intent as to which agency's powers are preeminent must control, but it rejected

the balancing test enunciated in *City of Pittsburgh* as being a poor method of discerning that intent. *Ogontz,* 505 Pa. at 626, 483 A.2d at 455.

In *County of Delaware v. Township of Middletown,* 511 Pa. 66, 511 A.2d 811 (1986), the Supreme Court considered this question in the context of a dispute between a second class township and a county, a situation that necessarily involved consideration of §702 of the Second Class Township Code. The issue presented there was whether the fact that the second class township had adopted a home rule charter pursuant to the Home Rule Charter and Optional Plans Law[6] meant that the township was no longer subject to the limitations imposed by §702. The court concluded that it did not.

Thirteen years earlier the court had determined, in a case involving the same property, that the township's zoning power was circumscribed by the restrictive language in §702. *Middletown Township v. Delaware County Institution District,* 450 Pa. 282, 299 A.2d 599 (1973). Therefore, because the home rule status of the township did not affect the applicability of §702, and because the restrictive language had not been deleted from §702 at that point, the court held that the township's zoning power under the Municipalities Planning Code[7] (which had been construed in the earlier case to be "intended merely as a continuation of the Second Class Township Code," 450 Pa. at 289, 299 A.2d at 603) could not be exercised in a manner that would interfere with the activities of the county.

These decisions make clear that the determining factor in each case involving a dispute over the power of a

---

[6] Act of April 13, 1972, P.L. 184, §§101-1309, 53 P.S. §§1-101-1-1309.

[7] Act of July 31, 1968, P.L. 805, *as amended,* art. I, §§101-1202, 53 P.S. §§10101-11202.

local government to enforce its zoning ordinance in regard to the activities of another political subdivision or municipal authority or state agency is the intent of the legislature as to which of the conflicting powers should prevail. The difficult cases are those where the local municipality derives its zoning power from a relatively general zoning enabling statute, and the governmental body asserting a conflicting interest derives its power from an equally general enabling statute or from a statute that, although specific, still leaves grave doubt as to whether it grants enough power to justify an inference of a legislative intent to override local zoning power. A court is then confronted with the task of discerning legislative intent as to priorities with little or no evidence on which to base its decision.

However, as the court explained in *County of Delaware v. Township of Middletown,* this difficulty did not arise in cases involving the former version of §702. Where §702 applied:

> [W]e need not engage in statutory construction because the legislature has given express indication that second class townships are to adopt no ordinance interfering with the operation of other Commonwealth instrumentalities .... Although in Ogontz we anticipated that a clear expression of intent would take the form of a larger *grant* of power to one instrumentality, the effect is the same where the legislature, as here, instead withholds a measure of power from another instrumentality.

511 Pa. at 72, 511 A.2d at 814.

In a recent consideration by this court of an assertion by a second class township that it could enforce its zoning ordinance against a refuse authority, the court deemed the case law to be clear that such a township's ordinance could not be applied to restrict, interfere

with, hinder or affect the operation of any other political subdivision or instrumentality of the Commonwealth. *London Grove Township v. Southeastern Chester County Refuse Authority,* 102 Pa. Commonwealth Ct. 9, 13 n. 7, 517 A.2d 1002, 1003 n. 7 (1986). The court considered the only issue in the case to be whether the refuse authority involved was an "instrumentality of the Commonwealth" within the meaning of §702.

In the present case, the trial court concluded, and Earl Township argues, that a crucial distinction exists. *County of Delaware v. Township of Middletown* involved a dispute between a county and a township located within it; *London Grove Township* concerned a dispute between a municipal authority and one of the municipalities that had formed the authority. In this case a second class township in one county is seeking to enforce its zoning ordinance against a municipal authority formed by municipalities located in a different county. The trial court and Earl Township consider this factual distinction to indicate somehow that the former version of §702 applied only to such intramural disputes as were involved in *County of Delaware* and *London Grove Township.* However, there was nothing in the language of the statute (which established this restriction on the powers of second class townships in general relative to "the operation of any other political subdivision or instrumentality of the Commonwealth") or in the rationales of any of the cases construing it to provide support for this proposition. The factual distinction certainly exists, but it has no significance; it is a distinction without a difference.

Hence, the trial court's conclusion that the former version of §702 did not bar Earl Township from enforcing its zoning ordinance against the authority was not correct. If there had been no further developments, we would reverse and remand the case to the trial court

with instructions to sustain the authority's preliminary objections and dismiss the action.

However, as noted above, §702 has been changed. Act 60, which became effective on July 13, 1987, amended §702 by deleting the language that expressed the unique disability that the legislature had imposed on second class townships relative to other government units.[8] The title of Act 60 indicates that the amendment's purpose was that of "eliminating a restriction on the general powers of a township relative to other governmental units." Act of July 13, 1987, No. 1987-60, 1987 Pa. Legis. Serv. 102. Clearly, the legislature no longer intends the peculiar restriction of the former version of §702 to be given effect.

In its supplemental brief, the authority advances the proposition, supported by both statutory and extensive case law citation, that amendments and other legislative enactments that do not expressly provide for retroactivity may not be applied retroactively by a court. *See, e.g.,* section 1926 of the Statutory Construction Act, 1 Pa. C. S. §1926 *and Commonwealth v. Scoleri,* 399 Pa. 110, 160 A.2d 215 (1960). The authority argues that on that basis this court should disregard Act 60 in deciding this case—that anything else would be giving retroactive effect to the amendment.

Earl Township responds by noting that it is the party who initiated this action through a petition for declaratory judgment and by asserting that this court should issue a declaration as to the rights of the parties "in their present posture." The township argues that such a

---

[8] "Arguments as to the fairness of the restrictions of Section 702 of the Second Class Township Code, which have no counterpart in any of the codes applicable to other classes of municipality, are better directed to the legislature than the courts." *County of Delaware v. Township of Middletown,* 511 Pa. at 72 n. 1, 511 A.2d at 814 n. 1.

declaration would be a prospective rather than a retroactive application of Act 60, and that our applying the current version of §702 would not place any inordinate burden or obligation on the authority in regard to its pending DER application. In effect, the township is saying that in this action seeking primarily declaratory relief, it makes more sense for the courts to grant a declaration of what the parties' rights are now rather than what they were three months ago.

With this last proposition we agree. If we were to remand with instructions to sustain the preliminary objections and dismiss the case based on an application of the former version of §702, Earl Township would be forced to commence a new action in order to obtain a determination of its rights under the new law. That would be unjustifiably wasteful of both court resources and those of the parties. As this court stated in construing the predecessor of the current Declaratory Judgments Act, "[T]he prime purpose of the Act is to render 'practical help' by means of a judicial declaration as to the respective rights and liabilities of the parties before the situation develops into such that any more funds be expended unnecessarily." *Mid-Centre County Authority v. Township of Boggs,* 34 Pa. Commonwealth Ct. 494, 500, 384 A.2d 1008, 1011 (1978).

Here, the township seeks primarily a declaration of its rights before this situation progresses to the point where the authority attempts to expand the landfill. A declaration of those rights under current law is not a retroactive application of Act 60, However, given the procedural incompleteness of the case now before us, we do not believe that it would be proper for us to determine at this point what effect application of the current version of §702 would have on the township's petition.

Therefore, we will remand this case to the trial court with instructions to permit the authority to file an answer. The trial court, after establishing the facts of the case, should then declare the relative rights of the parties under §702 as it now reads. Because the automatic outcome dictated by the Supreme Court's construction in *County of Delaware* of the language now deleted from §702 will not apply, the trial court should analyze the situation according to the guidelines provided by the Supreme Court in *Department of General Services v. Ogontz Area Neighbors Association.*

Finally, we note for the guidance of the trial court that Earl Township's zoning ordinance controls uses of land within the township, not the contents of applications landowners make to administrative agencies. If the trial court determines that the township's zoning law applies to the proposed use, then the authority will be obligated to comply with the substance and procedures of that law, regardless of any permits that DER might issue. *Greene Township v. Kuhl,* 32 Pa. Commonwealth Ct. 592, 379 A.2d 1383 (1977).

ORDER

AND NOW, December 18, 1987, the decision of the Court of Common Pleas of Berks County at No. 5576 Equity Docket, dated April 15, 1987, is vacated, and this case is remanded to the Court of Common Pleas with instructions to permit the Delaware County Solid Waste Authority to file an answer. The injunction granted in the same case by order dated April 16, 1987, is dissolved.

Jurisdiction relinquished.