J-A13010-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| DANIEL LONCAR, AN ADULT INDIVIDUAL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES CURRY, III AND PATTI CURRY, HUSBAND AND WIFE, MICHAEL MEYLAN AND MARGARET MEYLAN, HUSBAND AND WIFE, CAROL ANN BALESK, AN ADULT INDIVIDUAL, NANCY L. BENNETT, AN ADULT INDIVIDUAL, DAVID WHITSLAR, AN ADULT INDIVIDUAL, AND CROSS AND CROWN CHRISTIAN FELLOWSHIP, INC., A PENNSYLVANIA NON-PROFIT CORPORATION | : | No. 1347 WDA 2017 |
| | : | |
| APPEAL OF: CROSS AND CROWN CHRISTIAN FELLOWSHIP, INC., A PENNSYLVANIA NON-PROFIT CORPORATION | : | |

Appeal from the Order Entered August 23, 2017
In the Court of Common Pleas of Crawford County Civil Division at No(s):
AD 2016-772

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                FILED AUGUST 30, 2018

Appellant, Cross and Crown Christian Fellowship, Inc. (CCCF), a Pennsylvania non-profit corporation, appeals from the order entered on August 23, 2017, denying its petition to strike/open default judgment.  We affirm.

The trial court summarized the facts and procedural history of this case as follows:

Daniel Loncar [(Loncar)] filed a complaint [against CCCF and individual defendants,[1] James Curry, III, Patty Curry, Michael Meylan, Margaret Meylan, Carol Ann Balesk, Nancy L. Bennett, and David Whitslar] seeking [their] ejectment [] from [a] sixty (60) acre property [where the individual defendants lived in mobile homes] in Bloomfield Township, Crawford County[, Pennsylvania]. CCCF and the individually named defendants were served with notice of the complaint in ejectment on December 13, 2016. [Loncar] is the record owner of the property by means of a deed dated August 28, 2001, and recorded in the Crawford County Recorder's Office on September 5, 2001, and found at Deed Book 536, page 407, a copy of which was attached to [Loncar's] complaint and marked as Exhibit A.

Also attached to the complaint was Exhibit B, [copies] of letters dated October 5, 2016, addressed to the individual defendants, advising them to remove their mobile homes from the property within a reasonable time, and notifying the defendants of [Loncar's] intention to file a legal action in the event that the homes were not removed from the property. At no time after [Loncar's] October 5, 2016 letters was [Loncar] or [Loncar's counsel] contacted directly by [CCCF or the individual defendants] in an effort to resolve the matter.

On the date of default, January 4, 2017, [Loncar] filed a ten[-]day notice of default judgment. The ten (10) day period fell on Saturday, January 14, 2017, which was followed by a court holiday on Monday, January 16, 2017, making Tuesday, January 17, 2017, the first day that default judgment was available to [Loncar].

On Friday, January 13, 2017, [Loncar's c]ounsel received a telephone call from an associate attorney who explained that his firm had not yet been retained by CCCF but called to request an extension of time to file a response to [Loncar's] complaint. [Loncar's] counsel informed the associate that he would not grant

_____

[1] The individually named defendants are not parties in the instant appeal.

an extension to an attorney that was not formally retained in the case and would not grant an extension without the consent of his client. It was clear at the conclusion of the conversation that no extension would be granted.

On January 17, 2017, at 8:35 a.m., [Loncar] executed default judgment against [CCCF and the individual defendants]. On that same day, counsel for the defendants filed a praecipe for entry of appearance, but failed to file a responsive pleading.

On February 10, 2017, twenty four days (24) days after default judgment was entered, CCCF filed [a] petition to open/strike a default judgment[.] [Loncar] filed a response on February 27, 2017.

The parties [appeared] before the [trial] court for an evidentiary hearing and argument on March 23, 2017 and April 25, 2017. The parties were provided with thirty days to file findings of fact[, were subsequently granted an extension, and ultimately filed timely findings of fact. On August 23, 2017, the trial court denied CCCF relief].

Trial Court Opinion, 8/23/2017, at 1-2 (superfluous capitalization omitted).

This timely appeal resulted.[2]

On appeal, CCCF presents the following issues for our review:

I.      Is the principle of law espoused in the case of Gee v. Caffarella, 446 A.2d 956 (Pa. Super. 1982) – that a defendant in a trespass action can avoid default judgment merely by filing an entry of appearance – still good law and applicable under the circumstances of this case to justify striking off the entry of the default judgment?

_____

[2] CCCF filed a notice of appeal on September 20, 2017. On September 21, 2017, the trial court ordered CCCF to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). CCCF complied timely. On November 14, 2017, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

II. Did the lower court abuse its discretion by not opening the default judgment where (1) there was no real dispute that [CCCF] had promptly filed its petition and [] raised a meritorious defense, and (2) under the circumstances, there was a reasonable basis shown as to why [CCCF] failed to appear or answer?

CCCF's Brief at 5 (suggested answers omitted).

In its first issue presented, CCCF contends that the mere filing of an entry of appearance within the ten-day notice period governing default judgment was sufficient to avoid the entry of default judgment in this case. Id. at 24. For this proposition, CCCF relies upon our Court's decision in Gee v. Caffarella, 446 A.2d 956 (Pa. Super. 1982) (en banc) and argues the trial court's conclusion that Gee is "no longer good law" was erroneous "considering neither an en banc panel of this Court nor our Supreme Court ever overturned Gee." Id. CCCF also challenges the trial court's determination that an answer to the complaint is required and mere entry of appearance is not sufficient to avoid default judgment. Id. at 25. Further, CCCF argues that it filed an entry of appearance within ten days of receiving notice that default judgment would be entered. Id. at 29-30. CCCF maintains that, "the tenth day necessarily must culminate at the close of business" and, therefore, the "default judgment may not stand" because Loncar filed the default judgment on the same day but before counsel for CCCF filed their notice of appearance. Id. at 30.

We have previously determined:

Our standard of review regarding a petition to strike default judgment is well settled. [When interpreting] the applicability of

a Pennsylvania Rule of Civil Procedure[, we are presented] with a question of law, our standard of review is de novo and our scope of review is plenary.

A petition to strike a judgment operates as a demurrer to the record, and must be granted whenever some fatal defect appears on the face of the record. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered. Importantly, a petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. Importantly, a petition to strike does not involve the discretion of the trial court.

Oswald v. WB Public Square Associates, LLC, 80 A.3d 790, 793–794 (Pa. Super. 2013).

Relevant to this appeal, in Gee v. Caffarella, 446 A.2d 956 (Pa. Super. 1982), our Court determined:

Appellant/plaintiff/Grace Gee commenced an action in trespass to recover damages for injuries sustained in an automobile accident which occurred on February 5, 1979. According to appellant's complaint, filed February 2, 1981, appellant was a passenger, at the time of the accident, of an ambulance owned and operated by appellee/defendant/Ambulance Corp. of America. Appellee was not served with a copy of the complaint until April 15, 1981. On May 22, 1981, at 1:17 p. m., an entry of appearance was filed on behalf of appellee. That same day, at 1:54 p. m., appellant filed a praecipe for the entry of a default judgment against appellee, for appellee's failure to file an answer or entry of appearance. Default judgment was then entered by the Prothonotary.

Under Pennsylvania procedure, a defendant in a trespass action can avoid a default judgment merely by filing an entry of appearance. Willinger v. Mercy Catholic Medical Center of Southeastern Pennsylvania, Fitzgerald Mercy Div., 362 A.2d 280 (Pa. Super. 1976), affirmed, 482 Pa. 441, 393 A.2d 1188 (1978). In the instant case, the record clearly demonstrates that the entry of appearance was filed with the prothonotary prior to

> the default judgment. Therefore, the default judgment was improperly entered.

Gee, 446 A.2d at 957.

In light of intervening changes to the Pennsylvania Rules of Civil Procedure, Gee no longer represents good law. As set forth above, Gee cited to Willinger that, in turn, interpreted Pa.R.C.P. 1045. Rule 1045, however, was rescinded effective July 1, 1984.[3] Pennsylvania Rule of Civil Procedure 1018.1 covers the same subject and remains in effect. Rule 1018.1 requires a notice to defend be appended to a civil complaint and directs a defendant to "take action within twenty (20) days after [the] complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court [] defenses or objections to the claims[.]" Pa.R.C.P. 1018.1(b) (emphasis added). Rule 1018.1(b) further warns that a failure to do so allows that case to proceed and the trial court may enter judgment without further notice. Id. The comment further recognizes that "Rule 1018.1 is universal, applying without distinction to all types of cause of action and to all parties defendant." Pa.R.C.P. 1018.1, Comment. As such, Rule 1018.1(b) requires objections or defenses to the complaint and, in this case, there is no dispute that CCCF did not file any. Under Pa.R.C.P. 1018.1, entry of appearance is not enough to forestall default judgment.

Moreover, the trial court recognized that "the default judgment was entered before [c]ounsel for [CCCF] entered his appearance." Trial Court

---

[3] CCCF concedes this point. See CCCF's Brief at 27.

Opinion, 8/23/2017, at 4 n.1. Here, unlike Gee where "the record clearly demonstrate[d] that the entry of appearance was filed with the prothonotary prior to the default judgment[,]" the converse is true in this instance. The record in this case confirms that counsel for CCCF entered his appearance after the default judgment had been entered. Moreover, in determining if there were fatal defects warranting striking the default judgment, the trial court could only look at what was in the record when the judgment was entered. As such, we discern no error in determining that default judgment was properly entered and CCF's petition to strike the judgment lacked merit. Thus, we turn now to determine whether there was justification to open the default judgment.

In its second issue presented, CCCF argues alternatively that the trial court erred by declining to open the default judgment because it was reasonable for CCCF's delay in responding to Loncar's complaint. CCCF's Brief at 30-37. CCCF "candidly admit[s] that there was no case law, consistent with its position, that it is excusable for a litigant to conserve scarce resources in lieu of defending a suit." Id. at 33. However, it argues that the lower court did not consider a 2001 agreement with Loncar, that "explicitly provided that 'Loncar agree[d] that legal title and deed to the [p]roperty [would] remain with [CCCF.]'" Id. at 34. In sum, because CCCF was dedicated to paying the upkeep of the property and is a non-profit religious group, it suggests that the trial court erred by finding it unreasonable to wait and amicably settle the dispute in an effort to conserve scarce funds before legal intervention.

Our review of a petition to open is governed by the following standards:

> A petition to open a default judgment is addressed to the equitable powers of the court and the trial court has discretion to grant or deny such a petition. [...] The court's refusal to open a default judgment will not be reversed on appeal unless the trial court abused its discretion or committed an error of law. An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will. Moreover, this Court must determine whether there are equitable considerations that weigh in favor of opening the default judgment and allowing the defendant to defend the case on the merits. Where the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion.

Stabley v. Great Atlantic & Pacific Tea Co., 89 A.3d 715, 719 (Pa. Super. 2014) (internal citations and brackets omitted).

"The party seeking to open the default judgment must establish three elements: (1) the petition to open [] was promptly filed; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim." Id. (citation omitted). "[W]here some showing has been made with regard to each part of the [above-mentioned three-part] test, a court should not blinder itself and examine each part as though it were a water-tight compartment, to be evaluated in isolation from other aspects of the case." Id. at 722 (citation omitted). "Instead, the court should consider each part in the light of all the circumstances and equities of the case. Only in that way can a chancellor act as a court of conscience." Id. (citation omitted).

The trial court determined that CCCF failed to provide a reasonable excuse for failing to respond to Loncar's complaint and subsequent request for default judgment:

In light of [Loncar's] October 5, 2016 letters, CCCF was on notice that [Loncar] intended to file a suit against [it]. CCCF failed to respond to those letters and there is no evidence that CCCF sought to resolve the issue amicably before [Loncar] filed the December 13, 2016 [c]omplaint. CCCF had several months to prepare and defend [itself] and ample time to reach out to [Loncar's] counsel. CCCF's board [members] may have believed it was in their best interest to sit back and allow [a non-attorney, board member] to explore the issue, but ultimately [he] was unable to resolve the issue and informed CCCF, before the 20 days to respond expired, that [it] needed to retain counsel.

CCCF knew or should have known this matter was incapable of being resolved outside of court based upon the [] hostile relationship that existed between the parties, that CCCF had plenty of time to prepare to retain counsel, and that CCCF was aware of the necessity to hire counsel well before [it] took steps to do so. CCCF's preference to resolve issues outside of court due to [its] status as a religious non-profit corporation that is funded by its members, does not provide a reasonable excuse or explanation for CCCF's failure to file a responsive pleading.

[The trial court did] not find that CCCF [was] an unsophisticated party. CCCF is a corporation. Although it is a non-profit, religious corporation, it is not an unsophisticated layperson. A party's non-profit status or religious purpose does not imply that it is an unsophisticated party.

Although CCCF is comprised of laypersons, CCCF has engaged in legal matters prior to the case at hand. CCCF filed suit against [Loncar] at the Magisterial District Court level. Although the case was dismissed, CCCF took it upon itself to file suit against [Loncar]. Additionally, CCCF has engaged in a series of relatively complex real estate transactions including the purchasing and deeding of property, and either drafted or hired counsel to draft a contractual agreement between [Loncar] and CCCF. Regardless

of the enforceability of the agreement, CCCF has consistently attem[p]ted to act as a sophisticated party in the legal system.

\*          \*          \*

[...] CCCF sat back and knowingly allowed default judgment to be entered against the corporation and did not take any meaningful steps to retain counsel or address the issue until the eve of default.  CCCF's failure to file a responsive pleading, within the legal time period, had nothing to do with the corporation's level of sophistication.    Furthermore, once CCCF obtained counsel, twenty-four days passed from the date of entry of judgment before CCCF's response was filed.

\*          \*          \*

Nothing in the record would support a finding that CCCF provided a reasonable excuse or explanation for its failure to file a responsive pleading to [Loncar's c]omplaint.

Id. at 6-8.

Upon review of the record and applicable law, we agree with the trial court that CCCF failed to provide a reasonable explanation for the entry of default judgment against it.  CCCF did not argue that it had difficulty retaining counsel.  Instead, it complained that it did not want to expend funds on its defense.  In light of the fact that it knew litigation was pending and that it ultimately recognized the belated need to retain counsel, CCCF has not shown its actions in allowing default judgment to be entered against it were reasonable under the second prong of the aforementioned test. As such, we discern no abuse of discretion or error of law in refusing to open the default judgment entered against CCCF.   Hence, we affirm the trial court's determination.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/30/2018