**John H. NACHTIGALL, Plaintiff,**

v.

**BOARD OF CHARITIES AND CORRECTIONS—Warden Solem, Officer Aldon Meirose, and Clyde Hagen, Defendants.**

No. Civ. 84–4199.

United States District Court,
D. South Dakota, S.D.

Sept. 4, 1984.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

JOHN B. JONES, District Judge.

Plaintiff complains that his civil rights are being violated because his outgoing mail from the South Dakota State Penitentiary is stamped as being sent from there.

Plaintiff claims that this stamp will hurt his mail order business because no one will seriously consider doing business with an inmate. This complaint can be construed liberally as alleging a violation of the First Amendment freedom of speech rights, Fourteenth Amendment due process rights and a right of privacy created by specific constitutional guarantees.

### 1. FIRST AMENDMENT CLAIM

■ A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system, which include internal security, rehabilitation and deterrence of crime. *Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). This court responded to the Supreme Court's decision in *Pell, supra,* by ordering the Board of Charities and Corrections to formulate policies and procedures affecting outgoing and incoming mail and censorship. *Crowe v. Erickson,* Civ. 72–4101 (partial consent decree filed 1/29/75). The partial consent decree states, in part:

1. *Outgoing Mail.* No outgoing mail will be opened or censored, and no correspondence lists will be maintained. Where Penitentiary officials receive written requests that an inmate be prohibited from writing to the person asking such request, a list may be maintained for such purpose.

■ This policy is designed to protect prisoners' free speech rights. Here the plaintiff makes no complaint that his letters are being opened and/or censored, but rather complains about the South Dakota State Penitentiary's policy of stamping that name on his envelope.

These facts do not state a claim of a First Amendment violation. The Penitentiary did not infringe upon his right to correspond with anyone. It did not censor or refuse to deliver his mail. Therefore, this claim must fail.

### 2. FOURTEENTH AMENDMENT CLAIM

■ The interest of prisoners and their correspondents in uncensored communications by letter, grounded as it is in the First Amendment, is plainly a "liberty" interest within the meaning of the Fourteenth Amendment even though qualified of necessity by the circumstances of imprisonment. *Procunier v. Martinez,* 416 U.S. 396, 418, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974). The foregoing partial consent decree does not infringe upon plaintiff's liberty interest because his mail is not opened or censored. Plaintiff can argue that the Penitentiary stamp inflicts a "stigma" to his reputation and thus deprives him of some liberty interest. The Supreme Court rejected a similar argument in *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). There the court stated:

The words "liberty" and "property" as used in the Fourteenth Amendment do not in terms single out reputation as a candidate for special protection over and above other interests that may be protected by state law. While we have in a number of our prior cases pointed out the frequently drastic effect of the "stigma" which may result from the defamation by the government in a variety of contexts, this line of cases does not establish the proposition that reputation alone, apart from some more tangible interests such as employment, is either "liberty" or "property" by itself suffi-

cient to invoke the procedural protection of the Due Process Clause.

424 U.S. at 701, 96 S.Ct. at 1160–61.

█ Plaintiff cannot claim that his mail order business constitutes employment because he has no constitutional right to engage in a business enterprise through the use of the United States mails while he is lawfully incarcerated by the State. *See Valentine v. Gray,* 410 F.Supp. 1394 (S.D. Ohio 1975). Therefore, plaintiff has failed to state a claim of a Fourteenth Amendment violation.

### 3. PRIVACY RIGHT

█ While there is no right of privacy found in any specific guarantee of the Constitution, the Supreme Court has recognized that zones of privacy may be created by more specific constitutional guarantees and thereby impose limits upon government power. *Paul v. Davis, supra.* Cases involving right of privacy claims deal generally with substantive aspects of the Fourteenth Amendment—matters relating to marriage, procreation, contraception, family relationships and education. *Id.* 424 U.S. at 713, 96 S.Ct. at 1166. Plaintiff's claim does not implicate those privacy rights. In *Paul v. Davis, supra,* the Supreme Court stated that none of its substantive privacy decisions hold that a state may not publicize a record of an official act such as an arrest. *Id.* The Penitentiary's action of stamping an inmate letter is analogous with the foregoing. Therefore, this claim must fail.

The above constitutes Findings of Fact and Conclusions of Law.

Upon the Foregoing,

IT IS ORDERED that plaintiff's complaint be and hereby is dismissed for failure to state a claim. Fed.R.Civ.P. 12(b)(6).