**Gary Richard ROGERS, Plaintiff,**

v.

**Sheriff John R. ISOM, Defendant.**

**Civ. A. No. 89–0496–AM.**

United States District Court,
E.D. Virginia,
Alexandria Division.

April 3, 1989.

Gary Richard Rogers, Loudoun Adult Detention Center, Leesburg, Va., pro se.

## MEMORANDUM OPINION

ELLIS, District Judge.

Plaintiff Gary Richard Rogers, a Virginia inmate, filed this complaint pursuant to 42 U.S.C. § 1983 alleging that the defendant's practice of rubber stamping outgoing mail violates his constitutional rights. Specifically, plaintiff complains that defendant's address stamp obscures a religious message defendant placed on the back of an envelope he mailed, thereby violating plaintiff's First Amendment rights. Plaintiff seeks injunctive relief to halt the stamping of mail.

The Loudoun County Adult Detention Center customarily stamps the Center's address on the back of the envelope of all outgoing mail. Plaintiff, on the back of one of his envelopes, wrote "God's peace is strong." The Center stamped its address across the back of this envelope, and par-

tially over plaintiff's message. The Center's stamp does not completely obscure plaintiff's religious message, but does make it difficult to read. Plaintiff has also submitted a copy of another envelope on which the Center, as is its custom, stamped its address on the back. In this instance, however, plaintiff chose to place his religious message on another portion of the envelope with the result that the Center's stamp did not affect or obscure the message in any way. For the reasons set forth herein, the Court concludes that plaintiff has failed to state a claim upon which relief can be granted.

Settled principles govern this case. To begin with, "[t]here is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff v. McDonnell*, 418 U.S. 539, 555–56, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). Imprisoned convicts are not stripped of their constitutional rights; they enjoy, *inter alia*, freedom of speech and religion under the First and Fourteenth Amendments. *See Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804–05, 41 L.Ed.2d 495 (1974); *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed. 2d 263 (1972). These rights, however, are not absolute; they are subject to whatever reasonable restrictions and limitations may be necessary to serve the legitimate goals and policies of the penal institution. *See Bell v. Wolfish*, 441 U.S. 520, 546, 99 S.Ct. 1861, 1877–78, 60 L.Ed.2d 447 (1979). In sum, convicts retain their constitutional rights, albeit limited or restricted in some fashion by the circumstances of incarceration. And further, convicts may sue for infringement of their rights under 42 U.S.C. § 1983 if they can show that the infringement resulted from non-negligent official conduct. *See Daniels v. Williams*, 474 U.S. 327, 329, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986).

■ At the outset, there is ample reason to doubt that the stamping infringes any rights of free speech or free exercise of religion. *See Nachtigall v. Board of Charities & Corrections*, 590 F.Supp. 1223 (D.S. D.1984) (stamping of mail by penitentiary did not violate any free speech right, any liberty or property interest, or any right of privacy). Nor do plaintiff's two envelopes show a practice of censorship; rather they reflect, at most, only the practice of identifying the origin of prisoner mail. Even assuming, *arguendo*, that the defendant's conduct amounted to an infringement, the Supreme Court has made clear that censorship of, or interference with, prisoner mail is justified provided (1) that the regulation or practice furthers an important or substantial governmental interest unrelated to the suppression of expression and (2) that the limitation is no greater than is necessary or essential to protect the governmental interest. *Procunier v. Martinez*, 416 U.S. 396, 413, 94 S.Ct. 1800, 1811, 40 L.Ed. 2d 224 (1974). Identifying mail as originating from a detention center undoubtedly serves an important governmental interest. It ensures that the recipient is aware of the origin of the mail and hence, prevents or discourages inmate mail fraud. *See Theriault v. Magnusson*, 698 F.Supp. 369 (D.Maine 1988).[1] The Center's stamping practice is not only reasonable under the circumstances, it is also no greater a limitation on plaintiff's putative rights than is needed to serve the governmental interest. Accordingly, plaintiff's complaint fails.

■ Also fatal to plaintiff's claim is a failure to show that the Center's custom of stamping its address on the reverse of envelopes is part of an intentional effort to censor his religious message. At best, plaintiff has simply shown mere negligence on the Center's part as to one envelope. In order to state a claim under 42 U.S.C.

1. The *Theriault* court put this point as follows: By mandating that each letter sent by inmates bear the legend on the envelope, the Prison intends to alert the recipient to the source of the correspondence. Merchants can thus factor this information into their decision about whether or not to engage in a credit sale transaction with an inmate, and other parties can take steps to protect themselves similarly from any potential harassment or abuse. In addition, knowledge that all outgoing correspondence must bear this legend is intended to deter inmates from ordering merchandise by credit card as well as from sending harassing or threatening correspondence. 698 F.Supp. at 371–72.

§ 1983 plaintiff must allege more than negligence. "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.'" *Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986) (quoting *Parratt v. Taylor*, 451 U.S. 527, 548, 101 S.Ct. 1908, 1919, 68 L.Ed.2d 420 (1981) (Powell, J. concurring in result)).

District courts have broad discretion to dismiss complaints without issuance of process when an examination of the record reveals the action is "frivolous or malicious" within the meaning of 28 U.S.C. § 1915(d). A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed. *See Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983). Plaintiff has failed to show that his mail was "censored" or unlawfully tampered with. Thus, under no arguable construction of law or fact would he be entitled to relief on his complaint. *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir.1979). Accordingly, this action shall be dismissed as frivolous. *See* 28 U.S.C. § 1915(d); *cf. Davis v. Pak*, 856 F.2d 648 (4th Cir.1988).