563 A.2d 590

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Plaintiff,**

**v.**

**John P. JOYCE, in his official capacity as Prothonotary of the Court of Common Pleas of Allegheny County, Pennsylvania, Defendant.**

Commonwealth Court of Pennsylvania.

Argued May 4, 1989.

Decided Aug. 18, 1989.

342

Jason W. Manne, Assistant Counsel Pittsburgh, for plaintiff.

James R. Fitzgerald, Pittsburgh, for defendant.

Before BARRY, McGINLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

John P. Joyce, Prothonotary of Allegheny County (Prothonotary), has filed preliminary objections to the petition for review seeking a declaratory judgment filed in our original jurisdiction by the Department of Public Welfare (DPW).

DPW filed its petition for declaratory judgment, asking this Court to decide whether the Prothonotary can demand payment of fees in advance of support actions. The Prothonotary's preliminary objections are in the nature of a demurrer.

A preliminary objection in the nature of a demurrer admits as true every fact which is well pled and all inferences reasonably deducible therefrom. *Monti v. City of Pittsburgh*, 26 Pa.Commonwealth Ct. 490, 364 A.2d 764 (1976). In ruling upon a preliminary objection in the nature of a demurrer, our role is to determine whether the facts pled are legally sufficient to permit the action to continue. *Curtis v. Cleland*, 122 Pa.Commonwealth Ct. 328, 552 A.2d 316 (1988); *Cooley v. East Norriton Township*, 78 Pa.Commonwealth Ct. 11, 466 A.2d 765 (1983). In order to sustain such a preliminary objection, it must appear with certainty upon the facts pled that the law will not permit recovery. *Monti.* Where any doubt exists as to whether the preliminary objection should be sustained, that doubt should be resolved by a refusal to sustain it. *Id.*

With the foregoing in mind, the facts as stated by DPW in its petition for review may be summarized as follows. DPW is the assignee of numerous child and spousal support orders in cases filed in the Allegheny County Court of

Common Pleas. That court has, on numerous occasions, directed that judgment be entered in favor of DPW for support arrearages which had been assigned to DPW. In such cases, the Prothonotary's practice is to index the judgment on the docket and send a $15.00 bill to DPW. On numerous other occasions, DPW has sought to have judgment entered on praecipe for support arrearages, in which cases the Prothonotary has required the advance payment of $15.00 prior to entering the judgment. In those cases in which DPW has sought to obtain a writ of execution, the Prothonotary has required advance payment of the sum of $21.50 before issuing the writ. DPW has not paid the bills sent to it by the Prothonotary and disputes that it is required to pay any fees in support cases, or, alternatively, that such fees are not due until the judgment is satisfied.

■ In its brief in support of preliminary objections, the Prothonotary argues that there is no support for DPW's contention that the Prothonotary's office may not assess fees in advance. The Prothonotary relies primarily upon both Section 2 of the Second Class County Prothonotary Fee Act (Act), Act of April 8, 1982, P.L. 303, 42 P.S. § 21042 (which lists the schedule of fees prothonotaries in counties of the second class are entitled to collect) and Pa.R.C.P. No. (Rule) 1910.4 (which provides that for the *commencement* of support actions, "no filing fee shall be required in advance.") The Prothonotary argues that, while it may not require advance payment of fees to *commence* such an action, Section 2 of the Act, 42 P.S. § 21042, governs for later filings as the action proceeds.

DPW counters that this action is governed by 23 Pa.C.S. §§ 4515 and 4351. 23 Pa.C.S. § 4515 governs the payment of fees and costs in actions brought under the Revised Uniform Reciprocal Enforcement of Support Act (1968) (URESA), 23 Pa.C.S. §§ 4501–4540. That section provides:

An initiating court shall not require payment of either a filing fee or other costs from the obligee but may request the responding court to collect fees and costs from the obligor. A responding court shall not require payment of

a filing fee or other costs from the obligee, but it may direct that all fees and costs requested by the initiating court and all fees and costs incurred in this Commonwealth when acting as a responding state, including fees for filing of pleadings, service of process, seizure of property, stenographic or duplication service or other service supplied to the obligor, be paid in whole or in part by the obligor or by the state or political subdivision thereof. These costs or fees do not have priority over amounts due to the obligee.

"Obligee," as defined in 23 Pa.C.S. § 4502, includes "a state or political subdivision." At least with respect to URESA cases, the statutory provision clearly states that the court "shall not" require payment of "either a filing fee or other costs."

Similarly, for actions generally involving in-state parties, (which DPW refers to as "local actions"), 23 Pa.C.S. § 4351(a) controls the payment of costs and fees, providing, "[w]hen it appears to the court that either party or both parties are financially able to pay costs and fees, the court may impose the costs and fees on either party or both parties." DPW contends that, because this language allows for the *court* to exercise its discretion in imposing fees and costs, it precludes automatic imposition of such fees and costs by the Prothonotary.

Further, DPW refers this Court to the previous law governing payment of fees and costs in support actions, Section 14 of The Pennsylvania Civil Procedural Support Law, Act of July 13, 1953, P.L. 431, *as amended,* formerly 62 P.S. § 2043.44. That section, since repealed by Section 2(a) [1291] of the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202, 42 P.S. § 20002(a)[1291], provided:

No fee shall be required to be paid in advance. The court of an initiating or responding county may, in its discretion, direct that any part of or all fees and costs incurred, including without limitation, by enumeration, fees for filing service of process, seizure of property and stenographic service, shall be paid by the parties or shall

be borne by the county in which the costs have been incurred. When the action is brought by or through the state or local public welfare official, there shall be no filing fee.

As DPW notes, while Rule 1910.4 only specifically refers to *filing* fees, the official note accompanying it specifies that "[s]ubdivision (b) continues the prior practice under the repealed Act of July 13, 1953, P.L. 431, § 14, 62 P.S. § 2043.44, which provided: 'No fee shall be required to be paid in advance.'" [1]

■■■■ The Prothonotary's demurrer is premised upon the contention that "there [is no] provision that provides that the [DPW] can proceed without the payment of the appropriate costs after the commencement of the action where the [DPW] is pursuing legal action to reimburse itself for money advanced for the maintenance and support of an indigent welfare recipient." (Prothonotary's Brief, p. 8.) Because the above-noted provisions belie that assertion, we cannot say, as a matter of law, that DPW has failed to state a cause of action upon which relief may be granted. Declaratory relief is available where the "judgment or decree will terminate the controversy or remove an uncertainty." 42 Pa.C.S. § 7536. The purpose of a declaratory judgment is to "afford relief from uncertainty and insecurity with respect to rights, status and other legal relations" and such relief is to be "liberally construed and administered." 42

---

1. DPW further asserts that Section 3(b) of JARA, 42 P.S. § 20003(b) operates to save this section from repeal. Section 3(b) provides, in pertinent part:

> The specific repeals effected by section 2 are intended to eliminate obsolete, unnecessary or suspended statutory provisions. General rules promulgated pursuant to the Constitution of Pennsylvania and the Judicial Code in effect on the effective date of the repeal of a statute, shall prescribe and provide the practice and procedure with respect to the enforcement of any right, remedy or immunity where the practice and procedure had been governed by the repealed statute on the date of its repeal. If no such general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated.

Pa.C.S. § 7541. *See also Spooner v. Secretary of the Commonwealth of Pennsylvania,* 114 Pa.Commonwealth Ct. 352, 539 A.2d 1 (1988).

At this point in the litigation,[2] we are unable to say with certainty that DPW will not prevail and must therefore overrule the Prothonotary's preliminary objections in the nature of a demurrer and direct that the case continue.

## ORDER

AND NOW, this 18th day of August, 1989, Respondent's preliminary objections in the nature of a demurrer are overruled. Respondent shall have thirty (30) days from the date of this order to file an answer to the petition for review, should he desire to do so.

McGINLEY, Judge, dissenting.

I respectfully dissent.

The majority finds that, with respect to support proceedings brought under the Revised Uniform Reciprocal Enforcement of Support Act (1968) (URESA), 23 Pa.C.S. §§ 4501–4540 the court of common pleas is prohibited from requiring advance payment of fees and costs. Specifically, the majority states that Section 4515 of URESA, 23 Pa.C.S. § 4515 expressly directs the initiating and responding courts not to require payment of "either a filing fee or other costs from the obligee." I agree with the majority's

**2.** Counsel for the Prothonotary acknowledged at oral argument that he would consider the case to be terminated were we to overrule his preliminary objections (presumably because there are no facts in dispute and this case involves a purely legal issue which will be resolved by our decision to overrule the objections). However, we can find no authority for entering the declaratory judgment sought at this preliminary point in the litigation. The authorities appear to be unanimous in holding that a defendant's right to file an answer is absolute. *See e.g., Delaware County Solid Waste Authority v. Township of Earl, Berks County,* 112 Pa.Commonwealth Ct. 76, 535 A.2d 225 (1987); *Northvue Water Co., Inc. v. Municipal Water & Sewer Authority of Center Township,* 7 Pa.Commonwealth Ct. 141, 298 A.2d 677 (1972); *International Lands, Inc. v. Fineman,* 285 Pa.Superior Ct. 548, 428 A.2d 181 (1981); *Arel Realty Corp. v. Myers Brothers Parking Corp.,* 237 Pa.Superior Ct. 87, 346 A.2d 796 (1975).

conclusion that DPW, as an obligee, can not be required to pay fees in advance for the entry of a judgment or the issuance of a writ of execution in URESA proceedings. Contrary to the majority, I would partially grant DPW a Declaratory Judgment in this regard.

However, I must disagree with the majority's determination with respect to in-state parties and local actions. Pa.R. C.P. No. 1910.4 [1] provides specifically that the fee for filing a complaint need not be paid in advance. Filings related to the entry of a judgment and the issuance of a writ of execution must be accorded different treatment. Section 14 of The Pennsylvania Civil Procedural Support Law,[2] which provided that "no fee shall be required to be paid in advance," has been repealed. I would hold that there is no authority for DPW to proceed without the payment of the appropriate fees. The fee schedule for the prothonotary of the court of common pleas of a county of the second class establishes that fees for filings relating to the entry of judgment and the issuance of a writ of execution are required and listed separately from fees required for the commencement of actions. *See* Subsections 2(13), (28) of the Second Class County Prothonotary Fee Act, Act of April 8, 1982, P.L. 303, 42 P.S. §§ 21042(13), (28). The payment of the filing fees operates as a check against DPW from indiscriminately obtaining a judgment against every individual who has support arrearages due and owing welfare recipients. Additionally, there are adequate remedies available where the obligee has assets but refuses to discharge his or her support responsibilities.

1. *Rule 1910.4.* Commencement of Action. Fee
(a) An action shall be commenced by filing a complaint with the domestic relations section of the court of common pleas.
    Note: For the form of the complaint, see Rule 1910.26(a). Section 961 of the Judicial Code, 42 Pa.C.S. § 961, provides that each court of common pleas shall have a domestic relations section.
(b) No filing fee shall be required in advance.

2. Act of July 13, 1953, P.L. 431, *as amended, formerly* 62 P.S. § 2043.44, *repealed* by section 2(a) [1291] of the Act of April 28, 1978, P.L. 202, 42 P.S. § 20002(a) [1291].

I would grant the preliminary objections of the Prothonotary and require the fees to be paid in advance in all in-state proceedings and grant DPW's Action for Declaratory Judgment to the extent that the fees need not be paid in advance in URESA proceedings.