# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jermaine Pryor,                              :
                                             :
                    Petitioner               :
                                             :
          v.                                 :       No. 355 M.D. 2015
                                             :
PA Dept. of Corrections, Records             :       Submitted: January 15, 2016
Supervisor Sandra Gerula,                    :
                                             :
                    Respondents              :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                  **FILED:  April 27, 2016**

Before this Court in our original jurisdiction is the preliminary objection (PO) in the nature of a demurrer filed by the PA Dept. of Corrections (Department), Records Supervisor Sandra Gerula (Respondents) to the pro se Petition for Review in the Nature of Mandamus (Petition) filed by Jermaine Pryor.[1] Respondents assert in the PO that the Petition is legally insufficient because Pryor has not identified any clear right to relief thereby precluding mandamus relief and, therefore, the Petition should be dismissed with prejudice.  Because Pryor has not

---

[1] Pryor has not filed a brief in opposition to Respondents PO and, therefore, pursuant to this Court's order dated November 18, 2015, we "will proceed without [Pryor's] brief."  (Order, November 18, 2015.)

established a clear legal right to the relief requested, we sustain the PO and dismiss the Petition with prejudice.

Pryor avers the following in his Petition. He is "incarcerated at the State Correctional Institution at Benner," which is located in Centre County. (Petition ¶ 2.) He "was formally arraigned and charged with one count each of Aggravated Assault[2] and" violation of the Pennsylvania Uniform Firearms Act of 1995[3] on October 18, 2008. (Petition ¶ 4.) Pryor pleaded guilty on June 13, 2011, and received a negotiated sentence of five-to-ten years that he would serve concurrently with a federal sentence. (Petition ¶ 5.) Thereafter, on April 19, 2012, Pryor filed a Post Conviction Relief Act[4] (PCRA) petition asserting "that he was not given credit for time served on his State Sentence from October 14, 2008 to June 14, 2011, as stipulated by the Trial Court." (Petition ¶ 6.) Pryor's appointed PCRA counsel filed a no-merit letter with the PCRA Court, pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (Finley Letter), allegedly based on his belief that the Commonwealth Court was the proper forum to address Pryor's requested relief. (Petition ¶ 7.) Thereafter, "on April 30, 2013, [the] PCRA Court entered a Notice informing [Pryor] that pursuant to [Rule 907 of the Pennsylvania Rules of Criminal Procedure,] Pa. R. Crim. P. 907, his case would be denied/dismissed in 20 days."[5] (Petition ¶ 7.) Pryor does not attach this order to his Petition.

---

[2] Section 2702 of the Crimes Code, 18 Pa. C.S. § 2702.

[3] 18 Pa. C.S. §§ 6101-6126. The Petition refers to this as a "Vufa." (Petition ¶ 4.)

[4] 42 Pa. C.S. §§ 9541-9546.

[5] Rule 907 of the Pennsylvania Rules of Criminal Procedure allows a judge to review and rule on a petition for post-conviction collateral relief without a hearing under certain circumstances. Pa. R. Crim. P. 907. For example, if "there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief" and there

*(Continued…)*

2

Under Section 9761(b) of the Sentencing Code, 42 Pa. C.S. § 9761(b), where "[a] defendant is at the time of sentencing subject to imprisonment under the authority of any other sovereign," the trial "court may indicate that imprisonment under such other authority shall satisfy or be credited against both the minimum and maximum time imposed under the court's sentence." (Petition ¶ 9 (citing 42 Pa. C.S. § 9761(b)).) "A State Court is authorized to Order that state sentences run concurrent to Federal Sentences, and [Pryor] is entitled to have credit for time served on Federal Sentence applied to his State Sentence." (Petition ¶ 10 (citing Griffin v. Department of Corrections, 862 A.2d 152, 156-57 (Pa. Cmwlth. 2004)).) Here, Pryor "was sentenced to time served concurrent with his Federal Sentence" on June 13, 2011. (Petition ¶ 9; Pryor's Sentencing Order (Sentencing Order), Ex. A to Petition.) As an agency of "'the executive branch, the Department lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions.'" (Petition ¶ 8 (quoting McCray v. Pennsylvania Department of Corrections, 872 A.2d 1127, 1133 (Pa. 2005)).) Because the Department "lacks the authority to change [Pryor's] Sentencing Order, revocation of credit for time served concurrent with his Federal Sentence [falls] short of the minimum procedural protections required by the Fourteenth Amendment of the United States Constitution." (Petition ¶ 8 (citing Evans v. Beard, 639 F. Supp.2d 497 (E.D. Pa.

---

would be "no purpose . . . served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal." Pa. R. Crim. P. 907(1). In that case, "[t]he defendant may respond to the proposed dismissal within 20 days of the date of the notice" and then "[t]he judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue." Id. "When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant" of his right to appeal. Pa. R. Crim. P. 907(4).

2009), rev'd, 645 F.3d 650 (3d Cir. 2011)).)  The Department could not delete the trial court's "proviso of specific time served contained in the trial court's sentence" or "revoke time credit on an inmate's court commitment papers without a court order."  (Petition ¶¶ 10, 11.)  Therefore, Pryor asserts that he "is entitled to relief [] from this Honorable Court by way of Mandamus."  (Petition ¶ 10.)

Pryor argues that absent relief, "his release from incarceration and/or eligibility for parole will be delayed by 32 months" and that "[d]ue to the unjust action of [Respondents], [he] stands to miss his parole eligibility date in October of 2013 under an invalid assessment of the Department . . . of his DC-300B Court Commitment Papers."  (Petition ¶ 12.)  This violates Pryor's due process rights and "prohibit[s] him from being released from confinement and becoming a productive member of society."  (Petition ¶ 12.)  Pryor asserts that he has no other remedy at law because, when he filed a PCRA petition "to compel the Trial Court to enter an Order directing [Respondents] to comply with the DC-300B and credit him with time from October 14, 2008 to June 14, 2011," that Court "determined that there [was] no standing to pursue such an Order" and that he "must seek relief from [this] Court . . . ."  (Petition ¶ 13.)  Pryor seeks an Order from this Court granting the Petition and

> direct[ing] . . . [Respondents to] apply policies, procedure and law to [Pryor], and utilize the proper guidelines as stipulated therein for a reassessment of [Pryor's] sentence structure in order to determine, based on the evidence, that [Pryor] is entitled to time served on his Federal Sentence concurrent with his State Sentence from October 14, 2008 to June 13, 2011.

(Petition, Wherefore Clause.)

Respondents demur to the Petition pursuant to Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1028(a)(4), and assert that

4

Pryor is not entitled to mandamus relief because Pryor "has not established a clear legal right to the relief requested." (PO ¶¶ 7, 15.) Citing Pryor's Sentencing Order, attached to the Petition as Exhibit A, Respondents aver that the order "does not indicate any time credit." (PO ¶ 17.) According to Respondents, the Department does not have the authority to "make independent decisions on whether to award credit; it merely assigns credit as directed by the sentencing court and the Clerk of Courts" and, therefore, it "cannot award credit when the sentencing court did not direct that." (PO ¶¶ 18-19.) Where, as here, the inmate argues that "he [is] not receiv[ing] the benefit of his plea [agreement,]" the inmate should "file an application for re-sentencing with the criminal court, not to seek mandamus against the Department." (PO ¶ 20 (citing Fajohn v. Department of Corrections, 692 A.2d 1067 (Pa. 1997)).) Therefore, Respondents assert that the Petition is legally insufficient, its PO should be sustained, and the Petition dismissed. (PO ¶ 7, Wherefore Clause.)

In his answer, Pryor contends that the Sentencing Order already gives him "credit for time served concurrent with his Federal Sentence from October 14, 2008 to June 14, 2011." (Pryor's Response to Respondents PO (Response to PO) ¶ 11.) He maintains that, if there is any doubt in the Sentencing Order, it is the Department's duty "to verify the exact time credit owed to" Pryor. (Response to PO ¶ 12.) Further, Pryor contends that, in using the DC-300B Form, the sentencing court "MUST list the statutory time credit" and the Department cannot remove the credit. (Response to PO ¶ 15 (emphasis in original).) According to Pryor, in stating that his state sentence runs concurrently with his federal sentence, it is obvious "that both sentences are concurrent with credit from the date of [Pryor's] arrest on October 14, 2008." (Response to PO ¶ 17.) Pryor went to the

5

court with his PCRA petition and it confirmed that it "awarded him credit for time served" which "is why the PCRA Court recommended [Pryor] seek relief with the Commonwealth Court to compel the [Department] to give him credit for time served in accordance with its Court Order" in its April 30, 2013 order. (Response to PO ¶ 20.)

"Preliminary objections in the nature of a demurrer are deemed to admit all well-pleaded material facts and any inferences reasonably deduced therefrom, but not the complaint's legal conclusions and averments." Danysh v. Department of Corrections, 845 A.2d 260, 262 (Pa. Cmwlth. 2004). "In ruling upon a preliminary objection in the nature of a demurrer, our role is to determine whether the facts pled are legally sufficient to permit the action to continue." Department of Public Welfare v. Joyce, 563 A.2d 590, 591 (Pa. Cmwlth. 1989). To sustain a preliminary objection in the nature of a demurrer, "it must appear with certainty upon the facts pled that the law will not permit recovery." Id. If there is any doubt "as to whether the preliminary objection should be sustained, that doubt should be resolved by a refusal to sustain it." Id.

"A proceeding in mandamus is an extraordinary remedy at common law, designed to compel the performance of a ministerial act or mandatory duty." Lawrence v. Pennsylvania Department of Corrections, 941 A.2d 70, 72 (Pa. Cmwlth. 2007). "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." Detar v. Beard, 898 A.2d 26, 29 (Pa. Cmwlth. 2006). "[M]andamus will lie only where the petitioning party demonstrates its clear right to relief, a correspondingly clear duty on the part of the party against whom mandamus is sought, and the want of any

6

other adequate remedy." Doxsey v. Commonwealth, 674 A.2d 1173, 1174 (Pa. Cmwlth. 1996). "Mandamus . . . will not be granted in doubtful cases." Id.

As asserted by Pryor and acknowledged by Respondents, "[t]he Department is an executive branch agency that is charged with faithfully implementing sentences imposed by the courts" and, "[a]s part of the executive branch, [it] lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions." McCray, 872 A.2d at 1133. Pryor asserts that his Sentencing Order and the DC-300B Form issued in his criminal case clearly provide that he is to receive credit for time served for the period between October 14, 2008 and June 14, 2011, which is time he served on his federal sentence. (Petition ¶¶ 4-6; Sentencing Order, Ex. A to Petition.) Pryor further avers that the trial court allegedly directed him, in an order dated April 30, 2013, to seek mandamus relief from this Court during his PCRA proceeding. (Petition ¶ 13.)

We have reviewed Pryor's Sentencing Order, dated June 13, 2011, and agree with Respondents that it does not contain any reference to credit for time served for the period between October 14, 2008 and June 14, 2011. What that order states is

> Count 1 – 18 [Pa. C.S.] §2702 . . . – Aggravated Assault - (F1)
>> To be confined for a Minimum Term of 5 years and a Maximum Term of 10 years at State Correctional Institution.
>> The following conditions are imposed:
>>> Other – Sentence/Conditions: Sentence: 5 to 10 years in SCI as to Aggravated Assault F1 and 5 to 10 years as to VUFA 6105 F2 to run concurrently with the sentence imposed on the [possession with intent to deliver (PWID)] in this case and concurrently with the federal case the defendant is presently serving.
> Count 3 – 18 [Pa. C.S.] §6105 . . . – Possession Of Firearm Prohibited – (F2)

7

> To be confined for a Minimum Term of 5 years and a Maximum Term of 10 years at State Correctional Institution.
> The following conditions are imposed:
>> Other – Sentence/Conditions: Sentence: 5 to 10 years in SCI as to Aggravated Assault F1 and 5 to 10 years as to VUFA 6105 F2 to run concurrently with the sentence imposed on the PWID in this case and concurrently with the federal case the defendant is presently serving.
>
> This sentence is to be served concurrent with:
>> CP-51-CR-0012265-2008 Ct # 1 Confinement.

(Sentencing Order, Ex. A to Petition.) Thus, the Sentencing Order is silent on the issue of credit and does not provide Pryor with a clear right to the relief he seeks in the Petition.

We now turn to the DC-300B Form that Pryor insists requires the sentencing court to "list the statutory time credit," which "[t]he [Department] cannot remove." (Response to PO ¶ 15; Petition ¶ 13.) Pryor did not attach this form to the Petition and, ordinarily, a demurrer is limited only to the facts readily ascertainable on the face of the challenged pleading and cannot aver additional facts. Barndt v. Department of Corrections, 902 A.2d 589, 591 n.2 (Pa. Cmwlth. 2006). However, there is "a limited exception to the rule against speaking demurrers [that] exists for documents filed in support of a demurrer where a plaintiff has averred the existence of certain written documents and premised his cause of action upon those documents." Id. As observed by Respondents, Pryor "premises his case on his contention that the DC-300B [Form] lists an award of credit" and, thus, has attached the relevant DC-300B Form to its brief. (Respondents' Br. at 7-8.)

We agree with Respondents that this is one of the limited circumstances where a "speaking demurrer" is permitted and will review the form Pryor insists clearly provides him credit for time served. The DC-300B Form lists Pryor's name, the charges to which he pleaded guilty, and that he was sentenced on June

13, 2011, as described in the Sentencing Order. (DC-300B Form at 1-2.) It also indicates, as the Sentencing Order did, that Pryor's sentences were to be served "concurrently with the sentence imposed on the PWID in this case and concurrently with the federal case the defendant is presently serving." (DC-300B Form at 2.) However, the DC-300B Form also contains **two boxes** asking if there is "**CREDIT FOR TIME SERVED**." (DC-300B Form at 1, 3 (emphasis added).) In response to these statements, the following was entered in both boxes, "**0 days**". (DC-300B Form at 1, 3 (emphasis added).) Accordingly, the DC-300B Form does not clearly provide Pryor with credit for time served as he asserts in the Petition.

Finally, we note that our Supreme Court has held that where an inmate believes that he has "not receive[d] the benefit of his plea bargain, the proper avenue would appear to be to seek relief in the sentencing court" and not a mandamus action in the Commonwealth Court's original jurisdiction. Fajohn, 692 A.2d at 1068. Although Pryor asserts that he has done this and that, on April 30, 2013, the PCRA Court allegedly directed him to seek mandamus relief from this Court during his PCRA proceeding, (Petition ¶ 13; Response to PO ¶ 17), he did not attach that order to his Petition or otherwise provide it to this Court. This Court may take judicial notice of "official criminal court records [that] contain [] relevant" information to the pleadings in considering preliminary objections in this Court's original jurisdiction. See Doxsey, 674 A.2d at 1174 (holding in an original jurisdiction matter that we would take judicial notice "of the official criminal court records, which contain the relevant dates for purposes of determining petitioner's sentencing date and ascertaining whether he was incorrectly deprived of pre-

sentence credit"). Here, a review of the complete criminal docket in this matter[6] reveals that on April 30, 2013, the PCRA Court did not issue an order dismissing his PCRA petition, but rescheduled the hearing on that claim. (Criminal Docket Number CP-51-CR-0012265-2008 at 12.) On May 1, 2013, the PCRA Court issued a "Dismissal Notice Under Rule 907" indicating that a "Finley letter [was] filed. 907 Notice issued. Court rules, no merit. Listed for formal dismissal," and the official notice of dismissal was filed on May 6, 2013. (Criminal Docket Number CP-51-CR-0012265-2008 at 12.) The PCRA Court dismissed Pryor's PCRA petition on June 21, 2013. (Criminal Docket Number CP-51-CR-0012265-2008 at 12.) To the extent Pryor argues that this was because the court determined that mandamus relief was available in this Court, we have concluded otherwise. The relief Pryor seeks is not available pursuant to a mandamus action in this Court's original jurisdiction.

Because neither the Sentencing Order nor the DC-300B Form clearly provide Pryor with credit for time served, Pryor has not satisfied his heavy burden of establishing that he has a clear right to relief in mandamus. Accordingly, we sustain Respondents' PO and dismiss the Petition with prejudice.

_____
**RENÉE COHN JUBELIRER, Judge**

---

[6] Pryor attaches a part of the criminal docket, but not the whole docket, to his Petition as Exhibit B.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jermaine Pryor,                 :
                                  :
               Petitioner     :
                                    :
           v.                  :   No. 355 M.D. 2015
                                    :
PA Dept. of Corrections, Records   :
Supervisor Sandra Gerula,       :
                                    :
           Respondents   :

## O R D E R

**NOW**, April 27, 2016, the Preliminary Objection filed by the PA Dept. of Corrections, Records Supervisor Sandra Gerula to the Petition for Review in the Nature of Mandamus (Petition) filed by Jermaine Pryor is **SUSTAINED**, and the Petition is **DISMISSED WITH PREJUDICE**.

 

                                _____
                                  **RENÉE COHN JUBELIRER, Judge**