# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Dale Fontroy, I., et al.    :
on his behalf and all that are samely    :
situated,    :
                Petitioner    :
           v.    :    595 M.D. 2015
    :    SUBMITTED: December 23, 2016
    :
John Wetzel, Jamie Luther,    :
Gail Beers, John Doe and Jane Doe,    :
    :
                Respondents    :


**BEFORE:**     **HONORABLE P. KEVIN BROBSON, Judge**
                **HONORABLE MICHAEL H. WOJCIK, Judge**
                **HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge**


## OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                 **FILED: May 17, 2017**


Before us for disposition in our original jurisdiction is the preliminary objection in the nature of a demurrer filed by Respondents John Wetzel, Jamie Luther, Gail Beers, John Doe and Jane Doe to the *pro se* petition for review filed by Derrick Dale Fontroy, I., *et al.*, on his behalf and all those who are similarly situated (collectively, Petitioner). In his petition for review, Petitioner seeks injunctive and declaratory relief from October 2015 revisions to Department of Corrections DC-ADM 803 ("Mail and Incoming Publications") pertaining to inmates opening and maintaining savings and investment accounts and receiving,

by mail, account statements and correspondence regarding those accounts.[1] Specifically, he asserts that the revisions illegally restrict inmates from

---

[1] The provisions of DC-ADM 803 at issue read as follows:

*Section 2 – Security Procedures*

A. *Incoming Correspondence Other than Privileged Correspondence*

8. Account Statements

a. Inmate Savings/*Investment* Accounts

(1) An inmate is permitted to maintain a savings account *that was opened prior to his/her incarceration. An inmate who maintains such an account may receive account statements and correspondence from the financial institution holding the account, provided that he or she informs the facility's mailroom supervisor of the name of the financial institution.*

(2) *An inmate is permitted to open one savings account during his or her incarceration. An inmate who maintains such an account may receive account statements and correspondence from the financial institution holding the account, provided that he or she informs the facility's mailroom supervisor of the name of the financial institution.*

(3) *An inmate is permitted to open one investment account during his or her incarceration. An inmate who maintains such an account may receive account statements and correspondence from the licensed investment professional through whom the account is established, provided that he or she informs the facility's mailroom supervisor of the name of the licensed financial institution or licensed investment professional through whom the account is established.*

. . . .

d. *Other investments*

(1) *An inmate is prohibited from acquiring or transferring stocks, bonds, or any other form of security or investment other than as set forth in Section A.8.a.(3) above.*

(2) *An inmate who wishes to transfer stocks, bonds, or any other form of security or investment acquired prior to his or*

**(Footnote continued on next page…)**

2

communicating and investing with more than one financial or brokerage institution. We sustain Respondents' preliminary objection and dismiss Petitioner's petition for review.[2]

Currently incarcerated at SCI-Laurel Highlands, Petitioner avers that DC-ADM 803 violates the First and Fourteenth Amendments to the United States Constitution and Article I of the Pennsylvania Constitution in that the aforementioned restriction prevents him from "implement[ing] and institut[ing] communications and associations with Financial entities/institutions throughout the United States with as many financial facilities as the petitioner wish [sic] to become a customer of, [and] to earn interest and dividends on his monies that he intend [sic] to invest . . . ." December 21, 2015, Petition for Review, ¶ 5. He also asserts that the restriction prevents him from consolidating existing financial accounts. *Id*.

Moreover, he alleges that the restriction illegally prevents him from engaging in his business, which he describes as disseminating ideas of investment projections and developing investment schedules. *Id*., ¶¶ 2, 10, and 11. Specifically, he avers that he "is organized to disseminate financial communications *through the United States Mail* that contain[] ideas, purchases &

---

**(continued…)**
> *her incarceration must place the security under the control of a*
> *third party who is neither an inmate nor a parolee*.

December 21, 2015, Petition for Review, Exhibit DD-III, Section 2 of DC-ADM 803, Subsection A.8.a.(1)-(3) and d.(1) and (2) at 2-2 - 2-4 (emphasis in original).

[2] In light of Petitioner's failure to comply with our order granting him an extension of time in which to file a brief in opposition to preliminary objections, this Court will proceed without his brief. In addition, as noted in our order of October 18, 2016, Petitioner is not entitled to appointed counsel in this type of civil action. *See Harris v. Dep't of Corrs.*, 714 A.2d 492, 495 (Pa. Cmwlth. 1998).

3

sales of investment instruments in association with numerous financial establishments[.]" *Id.*, ¶ 8 (emphasis added).

Based on these allegations, Petitioner requests that this Court: (1) issue a preliminary and permanent injunction enjoining and restraining enforcement of Section 2 of DC-ADM-803; (2) issue a preliminary and permanent injunction enjoining and restraining Respondents from further interference, hindrance, and prejudicial delay regarding his right to retain and/or establish more than one financial account at any financial institution; (3) enter a declaratory judgment adjudging Section 2 of DC-ADM-803 to be null and void; and (4) grant such other relief as this Court shall deem just and equitable. In response, Respondents filed a preliminary objection in the nature of a demurrer.

It is well established that, "[p]reliminary objections in the nature of a demurrer are deemed to admit all well-pleaded material facts and any inferences reasonably deduced therefrom, but not the complaint's legal conclusions and averments." *Danysh v. Dep't of Corr.*, 845 A.2d 260, 262 (Pa. Cmwlth. 2004), *aff'd*, 881 A.2d 1263 (Pa. 2005). "[O]ur role is determine whether the facts pled are legally sufficient to permit the action to continue." *Dep't of Pub. Welfare v. Joyce*, 563 A.2d 590, 591 (Pa. Cmwlth. 1989). To sustain such an objection, "it must appear with certainty upon the facts pled that the law will not permit recovery." *Id.* Where there is doubt, it should be resolved by a refusal to sustain the demurrer. *Id.*

In ruling on the preliminary objection, we note that prison administrators are to be afforded wide-ranging deference "in adopting and carrying out policies that in their reasonable judgment are necessary to preserve order, discipline, and security." *DeHart v. Horn*, 694 A.2d 16, 19 n.9 (Pa. Cmwlth.

1997). *See also Africa v. Horn*, 701 A.2d 273, 276 (Pa. Cmwlth. 1997) (holding that the adoption and execution of departmental policies are discretionary acts). In addition, a prison authority's adoption of policies and practices creates neither rights in inmates nor a constitutionally protected interest triggering an inmate's due process protection. *Olim v. Wakinekona*, 461 U.S. 238 (1983*); Weaver v. Pa. Dep't of Corr.*, 829 A.2d 750, 753 (Pa. Cmwlth. 2003).

In the present case, the Department's stated mail policy is to permit an inmate access to communication with members of society through the established public mail system. Pursuant to that policy, any "[r]estrictions shall be related directly to facility order and security, public safety, and obscenity laws and statutes." Part III. Policy, DC-ADM-803 at 1 (footnote omitted). When considering the limitation at issue on the number of permissible financial institutions with which an inmate may do business and, consequently, the corresponding quantity of account statements and correspondence generated as a result of having accounts, we have found no constitutional right for an inmate to have *multiple* financial accounts. Significantly, Petitioner does not allege that he is prohibited from having *any* accounts.

Further, mindful of the deference and discretion that prison administrators are to be afforded, there is no indication that the restriction at issue is unreasonable or that it lacks a legitimate governmental interest. Reasonable restrictions are part and parcel of the diminution of privileges that an inmate must endure. *See Weaver*, 829 A.2d at 752 (citations omitted) (reiterating that, due to the unique nature and requirements of prisons, inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens and imprisonment results in the circumscription or loss of many significant rights in

5

order to accommodate a variety of institutional needs, foremost among them which is internal security).

Another reasonable restriction is the prohibition against running a business while incarcerated. As Respondents assert, inmates generally are prohibited from engaging in a business while under the Department's supervision.[3] In addition, there is no constitutional right to run a business while incarcerated. *French v. Butterworth*, 614 F.2d 23, 24 (1st Cir.), *cert. denied*, 446 U.S. 942 (1980) (holding that, "[w]hatever protected property or liberty interest the average citizen may have in holding employment or pursuing a chosen occupation, a prisoner has no recognized right to conduct a business while incarcerated."). *See also Nachtigall v. Bd. of Charities and Corr.*, 590 F. Supp. 1223 (D.S.D. 1984) (citation omitted) (holding that, state prisoners generally have no constitutional right to engage in business enterprises through the use of the United States mail while incarcerated).

Having concluded that Petitioner failed to state a claim for relief, we sustain Respondents' preliminary objection in the nature of a demurrer and dismiss Petitioner's petition for review.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[3] The Inmate Handbook provides:

> You are not permitted to incorporate or engage actively in a business or profession while under the supervision of the Department. If you engaged in a business or profession prior to your incarceration, you must assign authority for the operation of the business or profession to a person in the community.

Inmate Handbook at 3. (The handbook is available on the Department's website: www.cor.pa.gov).

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Dale Fontroy, I., et al.     :
on his behalf and all that are samely    :
situated,     :
            Petitioner     :
        v.     :   595 M.D. 2015
     :
John Wetzel, Jamie Luther,     :
Gail Beers, John Doe and Jane Doe,    :
     :
          Respondents     :

## O R D E R

AND NOW, this 17th day of May, 2017, Respondents' preliminary objection in the above-captioned matter is hereby SUSTAINED and Petitioner's petition for review is DISMISSED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge