# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tyree J. Sadar, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 145 M.D. 2021 |
| | : | SUBMITTED: January 21, 2022 |
| Department of Corrections, John E. Wetzel, | : | |
| Secretary, Derek F. Oberlander, | : | |
| Superintendent-SCI Forest, Ian Gustafson, | : | |
| CCPM, SCI-Forest, Randall L. Britton, | : | |
| Record's Supervisor; Corinne A. Melego, | : | |
| Sheryl A. Lewis, Melissa L. Myers, | : | |
| Records Staff, | : | |
| Respondents | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  April 13, 2022**


Before us for disposition in our original jurisdiction is Respondents' preliminary objection in the nature of a demurrer to the *pro se* petition for writ of mandamus filed by Petitioner, Tyree J. Sadar, currently incarcerated at State Correctional Institution (SCI) Forest.  (Respondents are the Department of Corrections; John E. Wetzel, Secretary; Derek F. Oberlander, Superintendent-SCI Forest; Ian Gustafson, CCPM, SCI-Forest; Randall L. Britton, Records Supervisor; and Records Staff Corinne A. Melego, Sheryl A. Lewis, and Melissa L. Myers.)  In the petition, Petitioner challenges Respondents' calculation of his prison sentences. We sustain the preliminary objection and dismiss Petitioner's petition.

Petitioner avers that he entered guilty pleas and received concurrent sentences of one to two years at dockets CP2429 (simple assault), CP728 (criminal trespass and criminal mischief-damage property), CP792 (terroristic threats), and CP1711 (simple assault). July 28, 2020 Sentence Status Summary, Petition, Ex. A at 1. In addition, he was sentenced to a concurrent term of nine to twenty-four months at CP583 (robbery).[1] *Id.* Before starting those sentences, Petitioner was required to serve backtime from a prior docket. His credit toward backtime was from January 26, 2017, to February 1, 2017. On July 14, 2020, he completed his backtime and began serving sentences at the aforementioned dockets the next day.

Petitioner avers that he is entitled to credit at all of the aforementioned dockets from February 2, 2017, to October 2, 2017, which would result in a maximum sentence date of November 15, 2021. However, his maximum sentence date was calculated as July 7, 2022, because of the bail designation at docket CP1711. Consequently, he only received time credit for docket CP1711 from February 2, 2017, to February 9, 2017. Petitioner argues that he could not have been released on bail at docket CP1711 without being released on the other dockets. He maintains that he "had a [Pennsylvania Parole Board] detainer lodged against him upon being placed in the custody of the Allegheny County Jail; which would not have allowed him to be released on bail because he would have been released to the Board's custody, thus gaining time credit towards his backtime." Petitioner's Br. at 5. Accordingly, he requests that this Court enter an order compelling the Department

---

[1] All of the dockets at issue are from common pleas courts. CP2429 and CP1711 reference dockets from Allegheny County: CP-02-CR-0002429-2017 and CP-02-CR-0001711-2017. CP728 and CP792 reference dockets from Washington County: CP-63-CR-0000728-2017 and CP-63-CR-0000792-2017. CP583 references a docket from Fayette County: CP-26-CR-0000583-2017.

to calculate his sentence at CP1711 to reflect a minimum sentence date of November 15, 2020, and a maximum date of November 15, 2021.

In the June 2021 preliminary objection, Respondents averred that Petitioner failed to state a claim upon which relief could be granted. "Preliminary objections in the nature of a demurrer are deemed to admit all well-pleaded material facts and any inferences reasonably deduced therefrom, but not the [petition for review's] legal conclusions and averments." *Danysh v. Dep't of Corr.*, 845 A.2d 260, 262 (Pa. Cmwlth. 2004), *aff'd*, 881 A.2d 1263 (Pa. 2005). "[O]ur role is to determine whether the facts pled are legally sufficient to permit the action to continue." *Dep't of Pub. Welfare v. Joyce*, 563 A.2d 590, 591 (Pa. Cmwlth. 1989). To sustain such an objection, "it must appear with certainty upon the facts pled that the law will not permit recovery." *Id*. Where there is doubt, it should be resolved by a refusal to sustain the demurrer. *Id*.

As for mandamus, the purpose is to enforce legal rights already established beyond all doubt. *Africa v. Horn*, 701 A.2d 273, 275 (Pa. Cmwlth. 1997). Mandamus is the proper remedy only where the petitioner demonstrates that he has a clear legal right to the performance of a purely ministerial non-discretionary act, the respondent has a corresponding mandatory duty to perform the act, and there is no other appropriate or adequate remedy. *Nieves v. Pa. Bd. of Prob. & Parole*, 995 A.2d 412 (Pa. Cmwlth. 2010). This Court may compel the Department to compute a petitioner's sentence properly. *Saunders v. Dep't of Corr.*, 749 A.2d 553 (Pa. Cmwlth. 2000). However, the appropriate remedy for an inmate asserting that he did not receive the benefit of the bargain with respect to any plea agreement in place at sentencing is to appeal directly to the trial court. *Hoyt v. Dep't of Corr.*, 79 A.3d 741, 743 (Pa. Cmwlth. 2013).

As an initial matter, both parties agree that Respondents subsequently discovered an error in the sentencing calculation for docket CP1711 and recomputed the commitment credit to reflect additional credit for the period of June 28, 2017 (sentence date-CP1711) to October 2, 2017 (day before custody for return). Petitioner's Br. at 10; Respondents' Br. at 7. Notwithstanding that credit adjustment, Petitioner continues to assert that he is entitled to time credit from February 2, 2017 (day after backtime credit ends), to October 2, 2017. At a minimum, he asserts that he is entitled to credit from May 3, 2017 (sentence date-CP583), to October 2, 2017. Petitioner's Br. at 10. In support of the latter assertion, he contends that all of the dockets were linked to make an aggregate sentence of one to two years such that the effective date of the sentences was the date upon which they were imposed and, therefore, the correct date for starting time credit. *See* June 28, 2017 Sentencing Orders for CP1711 and CP2429, Petitioner's Br., Exs. A and B (linking sentences and ordering concurrent confinement).

As Respondents assert, the docket entries for CP1711 reflect that the Court of Common Pleas of Allegheny County set monetary bail at $10,000 on February 6, 2017, and then amended the bail type to ROR (released on his own recognizance) on February 9, 2017.[2] Unified Judicial System Criminal Docket Entries, CP-02-CR-0001711-2017 at 2. As of February 9, therefore, Petitioner was no longer incarcerated on docket CP1711 and could not accumulate additional time credit prior to the date of sentencing.[3] *Commonwealth v. Infante*, 63 A.3d 358, 367

---

[2] We may take judicial notice of information contained in publicly available dockets. *Moss v. SCI-Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018).

[3] Section 9760(1) of the Judicial Code provides:

**(Footnote continued on next page…)**

4

(Pa. Super. 2013) (defendant must be given credit for any days spent in custody before imposition of his sentence but only if such commitment is attributable to the offense for which the sentence was imposed).

As for Petitioner's aggregate sentence argument, Respondents properly entered the effective dates of the sentences to start upon completion of the backtime sentence from a prior docket. It was only after completing that backtime sentence on July 14, 2020, that Petitioner was eligible to begin serving the remainder of his sentences. Section 6138(a)(5) of the Prisons and Parole Code provides that service of the balance of the term originally imposed shall precede commencement of the new term imposed. 61 Pa.C.S. § 6138(a)(5). Consequently, Respondents do not have a duty to apply credit at docket CP1711 for the period of February 9, 2017 (ROR date), to June 28, 2017 (sentence date-CP1711).

Accordingly, with the understanding that Respondents already made a credit adjustment for docket CP1711 to reflect additional credit for the period of June 28, 2017, to October 2, 2017,[4] we sustain their preliminary objection and dismiss Petitioner's petition for writ of mandamus.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal change for which a prison sentence is imposed or as a result of the conduct on which such a change is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

[4] Sept. 1, 2021 Sentence Status Summary, Respondents' Brief, Ex. A at 2.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree J. Sadar, : 
                  Petitioner : 
                   : 
              v. : No. 145 M.D. 2021
                   : 
Department of Corrections, John E. Wetzel, : 
Secretary, Derek F. Oberlander, : 
Superintendent-SCI Forest, Ian Gustafson, : 
CCPM, SCI-Forest, Randall L. Britton, : 
Record's Supervisor; Corinne A. Melego, : 
Sheryl A. Lewis, Melissa L. Myers, : 
Records Staff, : 
              Respondents : 

# **O R D E R**

AND NOW, this 13th day of April, 2022, Respondents' preliminary objection in the nature of a demurrer to Petitioner's petition for writ of mandamus is hereby SUSTAINED, and Petitioner's petition for writ of mandamus is DISMISSED.

 

                                _____

                                **BONNIE BRIGANCE LEADBETTER,**
                                President Judge Emerita